## 3975.  GUNN *v.* THE STATE.

1. Where a plea of misnomer is filed, and the merit of the plea (so far as concerns the verity of the statement that the defendant is charged by a name other than his true name) is dependent upon an inspection of the original indictment or other accusation, the decision of the trial judge, that the name in which the accused is charged in the indictment is the same as that which his plea admits to be his true name, is final, where the writing in the indictment, though somewhat illegible or unintelligible, can reasonably. be said to represent the true name· of the accused.

2. The charge that an indictment has been altered since it was returned into court can not be presented by demurrer.

3. The judge of the superior court did not err in overruling the petition for certiorari.

DECIDED MARCH 19, 1912.

Certiorari; from Greene superior court—Judge J. B. Park. December 23, 1911.

*J. A. Beazley,* for plaintiff in error.

*J. E. Pottle, solicitor-general, James Davison,* contra.

RUSSELL, J.  To the indictment (which had been transferred from the superior court to the county court of Greene county) the defendant interposed a demurrer, setting up that the indictment did not charge him with any offense, because it alleged that Paul *Green,* alias Coot Green, did play and bet for money, and not Paul *Gunn;* and that the demurrant had never been known as Paul Green; also that the indictment showed on its face that it was not in the shape in which it was when it left the grand-jury room, or was returned by the grand jury, for "some one had attempted to make Gunn out of Green." A third ground of the demurrer, based upon the fact that a prior indictment for the same offense had been

quashed, was not insisted upon. The defendant also filed a plea of misnomer, alleging that he had never been known by the name of Paul Green, or Coot Green; that his true name was Paul Gunn, and he had sometimes been known by the name of Coot Gunn, but had never been known by any other name or names, and never by the name of Paul Green or Coot Green. The judge of the county court overruled the demurrer and the plea of misnomer; and the judge of the superior court sustained these rulings by overruling a petition for certiorari.

1. It is very plain, from the record, that the judge of the county court, who had the original indictment before him, overruled the plea of misnomer because it appeared to him that the indictment did not charge the defendant in the name of Paul Green or Coot Green, as alleged in the plea, but that the indictment stated the name of the accused to be Paul Gunn or Coot Gunn, thus charging him in his true name. It is true, as stated by counsel for plaintiff in error in his brief, that Gunn and Green could not be treated as idem sonans, but it is easy to see how Green and Gunn might be mistaken for each other when written by one who wrote hastily, and whose handwriting was not plainly legible. The judge of the county court had the original writing before him, and, therefore, if the writing was hard to decipher, had a better opportunity of determining what was really written in the indictment than a reviewing court could possibly have. Evidently he adjudged the name of the accused, as written in the indictment, to be Gunn, and not Green; and, this being so, the plea of misnomer could not be sustained. Furthermore, the defendant admitted that he was apparently accused in his true name of Gunn, because he alleged that the indictment had been altered subsequently to its return into court by the grand jury. And, as further showing that the accused was charged in his true name, no matter if the writing was bad, or even if it had been altered, the clerk of the court, in transmitting a copy of the indictment to this court, puts the name of the defendant as Gunn, wherever it appears in the indictment. It is not suggested that the certified copy of the record is incorrect, and no motion is made here to correct it. We are therefore obliged to assume that the name of the defendant, as stated in the original indictment, appears so written therein that even if it is doubtful whether it is Gunn or Green, it can reasonably be interpreted to be Gunn, and

would ordinarily be read as Gunn, and not as Green. We can not tell from the record whether the plea of misnomer was submitted to the judge to pass upon the facts without the intervention of a jury, but, whether this is true or not, if it appears upon the face of the indictment that the accused was already charged in his true name, the judge did not err in passing upon the plea without submitting it. He should overrule it, as in the present instance, or decline to entertain it, and strike it. Passing by the alteration of the indictment alleged in the second ground of the demurrer, we hold, as to the first ground, that where a plea of misnomer is filed, and the merit of the plea (so far as concerns the verity of the statement that the defendant is charged by a name other than his true name) is dependent upon an inspection of the original indictment or other accusation, the decision of the trial judge, that the name in which the accused is charged in the indictment is the same as that which the defendant in his plea admits to be his true name, is final, where the writing in the indictment, though somewhat illegible or unintelligible, can reasonably be said to represent the true name of the accused.

2. It appears, from the recital of the petition for certiorari, which the county judge in his answer admitted to be true, that the solicitor admitted that the indictment did at one time read as follows: "charge and accuse Paul Gunn, alias Coot Gunn, with the offense of misdemeanor, for that the said Paul Green, alias Coot Green, did play and bet for money," etc., and that some one had changed it after it left the grand-jury room. The fact that extraneous evidence is required to support this second ground of the demurrer shows that the alleged defect or the alleged alteration of the indictment could not be reached by demurrer. A demurrer must necessarily be addressed to defects apparent upon the face of the pleadings as they are at the time the demurrer is filed, and must be addressed to the pleadings as they appear of file. The overruling of this ground of the demurrer by the judge of the county court could properly have been placed either upon the ground that the demurrer was speaking of something not apparent upon the face of the record (and certainly so if the original paper itself did not plainly show it had been altered), or upon the ground that the defendant should have presented the objection by plea in abatement.

3. The point of the petition for certiorari was that Paul Gunn had been convicted of gaming because Paul Green gambled, and counsel for the plaintiff in error, in his brief, says that it seems, if a conviction under this indictment is allowed to stand, that that would be the result reached. This point is not involved. It is admitted in the petition for certiorari that the evidence introduced made out a case of gaming against the defendant. Therefore only two questions were presented to the judge of the superior court, both of which were purely technical, and both of which, for the reasons stated above, were correctly decided. The demurrer could not reach the alteration in the indictment, if it was altered, and the reading of the indictment itself controlled the plea of misnomer.                                        *Judgment affirmed.*