## 25915. Owens v. The State.

Guerry, J. 1. In this State a motion to quash an indictment is essentially the same as a demurrer thereto. *Tate* v. *State*, 24 *Ga. App.* 279 (100 S. E. 765) ; *Thomasson* v. *State*, 22 *Ga.* 499 ; *Golden* v. *State*, 45 *Ga. App.* 501 (165 S. E. 299). Therefore it is not a proper method to attack an indictment for any defect which would not be cause for motion in arrest of judgment (*Gilmore* v. *State*, 118 *Ga.* 299, 45 S. E. 226) ; that is, for any defect not appearing on the face of the indictment.

2. In the present case the defendant filed a "motion to quash the indictment," on the ground that it had been materially altered since it was returned by the grand jury. In order to sustain this charge it was necessary to introduce evidence. Therefore a motion to quash was not a proper remedy. This point was specifically passed on in *Gunn* v. *State*, 10 *Ga. App.* 819 (74 S. E. 312).

3. Even if the "motion to quash" be considered as a plea in abatement, and as such plea it was good in form as having been properly sworn to, the presumption is that if any alterations appeared on the face of the indictment they were made before the grand jury returned it as a true bill (*Allen* v. *State*, 123 *Ga.* 499, 51 S. E. 506; *Jones* v. *State*, 99 *Ga.* 46, 25 S. E. 617; *Cook* v. *State*, 119 *Ga.* 108, 46 S. E. 64) ; and since there was no positive evidence that the particular indictment on which defendant was put to trial had actually been altered since it was found by the grand jury, the judge, for this additional reason, did not err in overruling the plea.

4. The evidence supports the verdict finding the defendant guilty of an assault and battery. The only special ground of the motion for new trial is plainly without merit.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

Decided October 23, 1936.

*George G. Finch, J. L. Finch,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, Quincy O. Arnold,* contra.