## 65795. SHOCKLEY v. THE STATE.

BANKE, Judge.

Appellant was convicted of possessing marijuana in violation of the Georgia Controlled Substances Act and sentenced to two years imprisonment, to be followed by eight years probation. On appeal, he contends that there was insufficient evidence to support the conviction.

On June 25, 1982, while appellant was visiting at his parents' residence, police officers arrived and searched the premises pursuant to a warrant. Ten marijuana plants, each about three feet in height, were discovered growing in flower pots next to the house, and smoking paraphernalia was found inside the house. Appellant's automobile was also searched, and a tobacco can containing a substance identified as marijuana was discovered therein. Tests on the plants performed by the State Crime Laboratory were positive for marijuana. The substance in the tobacco can was neither submitted to the State Crime Laboratory nor entered as evidence at the trial.

Present in the house with appellant at the time of the search were three other persons, including appellant's brother Chris, all of whom were indicted and tried with appellant except for one, who was a juvenile. Appellant's parents arrived home while the search was in progress. At trial, appellant denied any knowledge either of the plants found growing outside of the house or of the substance found in his car. Appellant's brother, Chris, who lived in the house with his parents, testified that he alone had grown the marijuana plants and that no one else had known about them. The jury acquitted all of the defendants except appellant and his brother. *Held:*

The evidence connecting appellant to the 10 marijuana plants was entirely circumstantial. "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6 (Code Ann. § 38-109). Questions of reasonableness are generally decided by the jury, and this court will not disturb the jury's finding that the evidence was sufficient to exclude every reasonable hypothesis save that of guilt unless the verdict is unsupportable as a matter of law. *Harris v. State,* 236 Ga. 242 (223 SE2d 643) (1976); *Butler v. State,* 150 Ga. App. 751 (258 SE2d 691) (1979).

In this case the evidence showed that appellant, although related to the owner, was merely visiting the premises at the time of the execution of the warrant. Three others, at least, were present at the time of the search, including appellant's brother, who not only lived there but testified without contradiction that he alone had

grown the marijuana.

The mere presence of contraband on premises occupied by an accused is insufficient to sustain a conviction when there is also evidence of access by others. *Gee v. State,* 121 Ga. App. 41 (172 SE2d 480) (1970). Because there is such evidence of access by others in this case, and because there is no evidence to refute the testimony of appellant's brother that he alone was responsible for the plants, we do not believe that there is sufficient circumstantial evidence to support a finding that the appellant was in knowing possession of them. An opposite conclusion would authorize conviction on nothing more than suspicion and conjecture based on his mere presence at the scene. See *Prescott v. State,* 164 Ga. App. 671 (297 SE2d 362) (1982); *Braden v. State,* 135 Ga. App. 827 (219 SE2d 479) (1975).

The only evidence offered with regard to the alleged marijuana seized from the appellant's automobile consisted of the conclusory testimony of a police officer to the effect that he had found a minute amount of marijuana in the vehicle. While this testimony was admitted without objection, the state concedes that its only relevance was to illustrate the appellant's intent and bent of mind with respect to the 10 plants and that the testimony did not constitute probative evidence sufficient to support his felony conviction. Consequently, the conviction is reversed for lack of evidence.

*Judgment reversed. Carley, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED APRIL 4, 1983.

*Charles W. Smith, Jr.,* for appellant.
*Bruce L. Udolf, District Attorney, Charles H. Frier, Assistant District Attorney,* for appellee.