## 72145. BIRD v. THE STATE.
### (344 SE2d 468)

DEEN, Presiding Judge.

Thomasville, Georgia police officers, acting on probable cause, obtained a warrant to search a certain house occupied by appellant Bird. Approaching the dwelling at about midnight, the officers repeatedly knocked on the front door, and when appellant at last appeared at the glass pane in the upper part of the door, one of the officers pressed his badge and the search warrant against the pane and, verbally identifying himself as a police officer, demanded admittance. Appellant ran from the door, which the officers then broke open and entered, finding appellant standing in a doorway between a bathroom and a bedroom, where a woman was reclining. Clearly audible from the bathroom was the sound of a commode tank refilling, as after a flush.

Bird's wallet, together with marijuana and other items, was recovered from the bedroom; apparatus used in the "cutting" and packaging of marijuana and cocaine (e.g., a razor blade, two sets of scales) was found throughout the house, as were plastic envelopes or sandwich bags containing a white powdery residue subsequently identified as cocaine. A plastic envelope containing a quantity of cocaine was retrieved from the waste pipe leading from the commode to the septic tank.

A Thomas County jury found appellant guilty on two counts of violation of the Georgia Controlled Substances Act and one count of obstructing an officer. On appeal, he enumerates as error the trial court's denial of motions for directed verdicts of acquittal on all counts and the jury's returning guilty verdicts. He alleges that all the evidence was circumstantial and was insufficient to support the verdicts. *Held:*

Our review of the record, including the transcripts of the trial itself and of the hearing on pretrial motions, persuades us that appellant's enumerations are without merit. Assuming *arguendo* that all

the evidence adduced against him was circumstantial, we find that the quality and quantity of that evidence were such as to point overwhelmingly to appellant's guilt. Appellant correctly cites the legal principle that "[w]here the circumstances are equally compatible with guilt or innocence so that it is just as reasonable to draw one inference as the other, the conviction cannot stand." *Mooney v. State*, 122 Ga. App. 650, 653 (178 SE2d 281) (1970). In the fact situation of the instant case, however, this is not the applicable standard. OCGA § 24-4-6 provides: "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." In *Robinson v. State*, 168 Ga. App. 569, 571 (309 SE2d 845) (1983), this court quoted the statutory language, supra, and held: "This does not mean that the state must exclude every possible hypothesis showing innocence, but any reasonable hypothesis showing innocence." See also *McGee v. State*, 159 Ga. App. 763 (285 SE2d 224) (1981). "[T]he question of whether every other reasonable hypothesis has been excluded is generally a question for the jury." *Muckle v. State*, 165 Ga. App. 873 (303 SE2d 54) (1983). See also *Shockley v. State*, 166 Ga. App. 182 (303 SE2d 519) (1983). Appellant's urging of the "equal access" doctrine is inapposite in the fact situation of the instant case. We find the evidence more than sufficient to support the verdict. Under the "reasonable trier of fact" standard, the enumerated errors are without merit. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Benham and Beasley, JJ., concur.*

DECIDED APRIL 7, 1986.

*William H. Blackburn, R. Bruce Warren*, for appellant.
*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney*, for appellee.