## 72590. BRADLEY v. THE STATE.
(349 SE2d 263)

BENHAM, Judge.

This appeal is from appellant's conviction of possession of cocaine. In two enumerations of error, he contends that his motion for directed verdict of acquittal should have been granted because the evidence was insufficient to exclude every reasonable hypothesis save that of guilt and because others had equal access to the cocaine. The jury was authorized to find that when a search warrant was executed, appellant was found with a bucket of water into which he was placing

packets of foil. A sampling of the packets seized from appellant showed the presence of cocaine.

1. Citing *Shockley v. State*, 166 Ga. App. 182 (303 SE2d 519) (1983), appellant argues that the mere presence of contraband on premises occupied by an accused is insufficient to sustain a conviction where there is also evidence of access by others. In *Shockley*, the appellant was visiting the premises where the contraband was found; the evidence established no link between him and the contraband other than his presence. In the present case, appellant was found in *physical* possession of the cocaine. Although appellant elicited on cross-examination of State's witnesses that there was no proof that others had not·put some cocaine in the bucket appellant possessed, appellant had possession of the bucket and of the foil packets containing the cocaine, and was seen placing foil packets in the bucket. *Shockley* is inapplicable.

2. Appellant's other argument concerns the possibility that others had access to the cocaine with which he was found. Again, appellant's argument ignores the fact that appellant was found in immediate physical possession of the cocaine. " ' "The totality of the evidence was sufficient to connect the defendant to the possession of the drugs . . . even though the evidence would have authorized a finding that others had equal access to them. [Cits.]" . . .' A directed verdict of acquittal is authorized only where there is *no* evidence to support a verdict to the contrary. See OCGA § 17-9-1. In the instant case, there was clearly sufficient evidence from which a rational trior of fact could find appellant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." *Lane v. State*, 177 Ga. App. 553 (1) (340 SE2d 228) (1986).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 22, 1986.

*David M. Wolfson*, for appellant.

*H. Lamar Cole, District Attorney, Robert D. Cullifer, Assistant District Attorney*, for appellee.