## 72656. ALEXANDER v. THE STATE.
### (350 SE2d 284)

BEASLEY, Judge.

Alexander, convicted of aggravated assault as a result of shooting another (OCGA § 16-5-21 (a) (2)), complains of two jury charges and the court's allowing the state to reopen its case to offer rebuttal.

1. In its charge, the court instructed on flight. The testimony of a witness and of appellant, who did not deny the shooting but relied on self-defense, showed that he left the scene after the shooting because others said the police were coming and he did not want to be locked up. He admitted telling the police that he had thrown the gun into the woods.

Two enumerations relate to the charge on flight. One is that there was no evidence to support it and the other is that the inference of

guilt which might be drawn from flight constituted a comment by the court on the evidence, in violation of OCGA § 17-8-57.

After the charge, the court inquired of counsel for both parties if there were objections to the charge. Counsel for appellant objected to the charge on flight "because there was (sic) no requests to charge and I was not told that there was going to be any charge on [that]." No other ground was stated and counsel did not reserve further objections.

"Clearly, it is the law of this state, even in criminal cases, that if the trial court asks if there are any objections to the charge given, counsel for the defendant must either state his objections or reserve the right to make such objections on motion for new trial or on appeal or waive any such objections." *Allen v. State*, 177 Ga. App. 600, 603 (340 SE2d 246) (1986); *Jackson v. State*, 246 Ga. 459 (271 SE2d 855) (1980). *Gaines v. State*, 177 Ga. App. 795, 798-800 (1) (341 SE2d 252) (1986) outlines the law on the subject.

We view the objection with liberality so as to consider it an objection based on insufficiency of the evidence. Reviewing the charge on flight on the score, there is no error. The instruction was authorized. *Hood v. State*, 179 Ga. App. 387 (5) (346 SE2d 867) (1986). "[W]here the defendant departs the scene immediately after the incident, it is not error to give in charge 'flight' of the defendant — for it is for the jury to determine if his sudden departure was due to consciousness of guilt or other reasons. [Cit.]" *Goodrum v. State*, 158 Ga. App. 602, 604 (5) (281 SE2d 254) (1981).

The other enumeration complaining of the flight charge is raised here for the first time. "It is well settled that a reason urged by enumeration of error on appeal which is different from that urged below will not be considered for the first time on appeal. See *134 Baker St., Inc. v. State*, 172 Ga. App. 738 (5) (324 SE2d 575) (1984); *Craig v. State*, 130 Ga. App. 689 (3) (204 SE2d 307) (1974)." *Brantley v. State*, 177 Ga. App. 13, 14 (1) (338 SE2d 694) (1985). Appellant does not contend that the charge was a substantial error which was harmful as a matter of law, and we conclude likewise. OCGA § 5-5-24 (c). Nevertheless, it is clear that it was a proper charge. *Anderson v. State*, 153 Ga. App. 401, 403 (4) (265 SE2d 299) (1980).

2. Appellant also complains that part of the court's charge on intent was an improper comment on the evidence because the court charged in terms of inferences allowed to be made by the jury, if it so chose, from the evidence. This, he says, contravened OCGA § 17-8-57. No objection was voiced, on any ground, to this usually given charge, and it warrants no review for the same reason stated above. We note, however, that it was an approved charge. *Bogan v. State*, 177 Ga. App. 614, 618 (4) (340 SE2d 256) (1986). The court fully instructed the jury on the burden of proof, the presumption of innocence, the

rule of reasonable doubt, and that a person is not presumed to act with criminal intent. We do not perceive that the excised charge, either standing alone or taken in the context of the whole charge, could have been taken by the jury as an expression or intimation of the court's opinion. Moreover, at the end of the charge, the court expressly cautioned the jury that its rulings and comments made throughout the case should not be regarded as an expression of opinion of the court.

3. After initially indicating it had no rebuttal evidence and retiring for lunch, the state requested permission to reopen for the sole purpose of rebutting appellant's evidence concerning the victim's reputation for violence in the community. The court allowed the state to do so over appellant's objection.

It is within the sound discretion of the trial court to allow it, and the exercise of that discretion will not be disturbed absent abuse. *Horne v. State*, 177 Ga. App. 765 (2) (341 SE2d 243) (1986). There was no abuse of that discretion in this case, since the appellant had assailed the victim's character, and the sole purpose for allowing the state to reopen its case was to rebut this. The rebuttal was in fact confined to this purpose. See *Dixon v. State*, 243 Ga. 46, 49 (5) (252 SE2d 431) (1979).

No objection was made to the testimony of the rebuttal witness and any objection to the content of the testimony was waived. *Williams v. State*, 255 Ga. 97, 100 (4) (335 SE2d 553) (1985); *Little v. State*, 178 Ga. App. 268, 269 (1) (342 SE2d 712) (1986). Therefore, the arguments made for the first time on appeal will not be addressed.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED OCTOBER 22, 1986.

*Robert H. Sullivan*, for appellant.

*Arthur E. Mallory III, District Attorney, Peter J. Skandalakis, Assistant District Attorney*, for appellee.