74925. NAPIER v. THE STATE.
(362 SE2d 501)

BEASLEY, Judge.

Defendant appeals his conviction by a jury of driving under the influence of alcohol (OCGA § 40-6-391 (a) (1)), driving too fast for conditions (OCGA §§ 40-6-180 and 40-6-181), driving after being declared an habitual violator (OCGA § 40-5-58), operating a motor vehicle without effective insurance (OCGA § 33-34-12), and theft by taking of an automobile (OCGA § 16-8-2).

The evidence, viewed in the light most favorable to the verdict, shows that on the evening of September 29, 1986, defendant's 1973 Nova broke down and he called a friend who picked up Gentry and went to defendant's aid. After some repair, the car still did not run properly and was left by the road. Defendant and Gentry were last seen leaving in Gentry's truck around 10:00 or 11:00 p.m. Defendant had been drinking heavily. Late that evening, a 1976 Nova was stolen from a motel parking lot. The next day, Gentry's truck was found in the parking lot.

At approximately 4:00 a.m. on the 30th, a citizen called in a report of a wreck. Upon arriving, the officer found the 1976 Nova wrecked, having apparently missed a curve, left the road at a high rate of speed, hit an embankment, and slid or been backed off the

embankment. Defendant was outside the car on the passenger's side, attempting to wake up the unconscious Gentry who was slumped in the passenger's seat.

The officer noted the smell of alcohol. Defendant was unable to tell the officer who was driving the car or who the owner was, and said that he did not know who Gentry was. Defendant had a considerable amount of blood on his face. The driver's side door panel, seat and the steering wheel had blood on them. Although Gentry was seriously injured, most of his injuries were internal and the officer did not notice blood on him. After the defendant and Gentry were taken to the hospital and the car was towed away, the officer noted ruts under the rear wheels which indicated to him that someone had attempted to move the car after the accident. Gentry remained in a coma through the time of the trial four months later. A blood alcohol test taken of defendant registered .22.

1. Defendant filed a motion to suppress the results of the blood alcohol test. The written motion contained numerous grounds, but the only one argued at the hearing and here in defendant's first enumeration is that the officer lacked probable cause to take the sample, in that he had no reason to believe defendant was driving the car. Defendant relied on both the federal and state constitutions: U. S. Const. Amend. 4; OCGA Art. I, Sec. I, Par. XIII. The standard for determining probable cause under both is the same. *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984); *Durden v. State*, 250 Ga. 325 (297 SE2d 237) (1982); *Wells v. State*, 180 Ga. App. 133, 135 (special concurrence) (348 SE2d 681) (1986).

Of course, if the officer had probable cause to believe defendant was driving the car and therefore to arrest defendant for DUI, then the implied consent provision, OCGA § 40-5-55, obviates any further need for consideration of probable cause with regard to taking the sample.

"A 'warrantless arrest' is constitutionally valid if, at the moment the arrest is made, the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the accused had committed . . . an offense. [Cits.]" *Callaway v. State*, 257 Ga. 12, 13 (2) (354 SE2d 118) (1987); see *Harley v. State*, 183 Ga. App. 253, 254 (358 SE2d 653) (1987). Here, the officer stated that he determined the need for the blood alcohol test before the two men were removed from the scene by ambulance, making this the operative point of inquiry.

While defendant focuses on the fact that no one actually saw him behind the wheel driving the automobile, that is not necessary to sustain a conviction of DUI, much less for determining probable cause. *Griffis v. State*, 163 Ga. App. 491, 492 (2) (295 SE2d 197) (1982);

*Lawrence v. State*, 157 Ga. App. 264 (1) (277 SE2d 60) (1981); see *Howell v. State*, 179 Ga. App. 632 (347 SE2d 358) (1986). The blood located in the car on the driver's side and the fact that defendant had copious bleeding while Gentry did not, and the other pre-arrest circumstances described above as observed by the officer, constituted probable cause for his belief that defendant had been the driver. The trial court's denial of the motion to suppress was not error.

2. In his fifth and seventh enumerations, defendant argues that the court erred in not directing a verdict as to the DUI count and driving too fast for conditions, on the grounds that there was no proof he was driving the car and that the evidence was contrary to the weight of the evidence. No motion for directed verdict was made as to the DUI count below and there is therefore nothing in this regard for us to review. *Alexander v. State*, 180 Ga. App. 640, 641 (1) (350 SE2d 284) (1986). The evidence of these two offenses was sufficient. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Griffis v. State*, supra; *Lawrence v. State*, supra.

3. The third enumeration claims error in the court's allowance of expert testimony by the doctor who treated Gentry. Defendant stipulated that the doctor was qualified as an expert witness "insofar as his ability to practice medicine and his medical knowledge." The enumeration of error states that the "court erred in allowing the testimony of [the doctor] as an expert in giving his opinion as to what caused the injuries sustained by . . . Gentry."

The objection stated at trial to the doctor's testimony, however, was that the ". . . State has failed to lay any type of foundation to show this witness' qualifications to make any type of opinion as to what caused the damages on the inside of that car." In response to that objection, the state indicated that the opinion sought was not as to what caused the car damage, but as to whether there was a correlation between the damage in the car and the injuries suffered by Gentry. There was no further objection made by defendant to the doctor's testimony. The doctor then stated his opinion that the massive head injury suffered by Gentry was caused by his head striking something. The pictures taken of the car revealed that the passenger's side of the windshield was shattered.

"It is well settled that a reason urged by enumeration of error on appeal which is different from that urged below will not be considered for the first time on appeal. [Cits.]" *Brantley v. State*, 177 Ga. App. 13, 14 (1) (338 SE2d 694) (1985); *Alexander v. State*, 180 Ga. App. 640, 641, supra.

4. In his second enumeration, defendant contends it was error for the trial court to deny his motion for directed verdict on the theft by taking count. As recited above, defendant was last seen at about 11:00 p.m. the evening of the 29th with Gentry in Gentry's car. The Nova

was stolen from a motel parking lot late on the evening of the 29th or early in the morning of the 30th. Gentry's car was found in the motel parking lot the next day. At 4:00 a.m. on the 30th, the wreck call came in and defendant was found with the car and Gentry. At that time defendant told the officer he had been hitchhiking on Highway 21, and had been picked up by Gentry, whom he claimed not to know. There is no Highway 21 in the vicinity of the wreck. The blood in the car and defendant's bleeding permitted the inference that at the time of the wreck, he was driving.

A directed verdict of acquittal is authorized only when there is no evidence to support a verdict to the contrary. OCGA § 17-9-1; *Bradley v. State*, 180 Ga. App. 386, 387 (1) (349 SE2d 263) (1986). Here, the recent possession of the stolen car, even if joint and based on circumstantial evidence, was sufficient to justify the court's denial of the motion for directed verdict. *Byrd v. Hopper*, 234 Ga. 248, 250 (215 SE2d 251) (1975); *Lane v. State*, 177 Ga. App. 553, 554 (1) (340 SE2d 228) (1986); *Castillo v. State*, 166 Ga. App. 817, 819 (1) (305 SE2d 629) (1983); *Callahan v. State*, 148 Ga. App. 555, 556 (4) (251 SE2d 790) (1978); see *Butler v. State*, 172 Ga. App. 405, 407 (3), 408 (5) (323 SE2d 628) (1984). Assuming that Gentry, rather than Napier, drove the car away at the time of the taking, the evidence is sufficient to sustain his conviction as a party to the crime. OCGA § 16-2-20.

5. In his fourth enumeration, defendant complains of the court's failure to give his request to charge dealing with mere presence at the scene of a crime as being insufficient for conviction. Without considering whether defendant adequately objected to the charge when asked by the court if there were objections after the charge was given, see *Allen v. State*, 177 Ga. App. 600, 603 (340 SE2d 246) (1986), the court gave a charge on mere presence that was nearly identical to that requested by defendant, was taken verbatim from the Suggested Pattern Jury Instructions, Vol. 2, p. 23, and was legally sufficient. Thus there was no error in this regard. *Daniels v. State*, 183 Ga. App. 222, 223 (2) (358 SE2d 637) (1987).

6. In the sixth enumeration, defendant contends that the evidence was insufficient to convict of the offense of operating a vehicle without effective insurance, in violation of OCGA § 33-34-12, Count 4 of the indictment. This section was revamped in 1987, and former OCGA § 33-34-12 (a) now appears as OCGA § 33-34-12 (b). The indictment charged that defendant "did knowingly operate a motor vehicle without effective insurance thereon. . . ."

The sole proof with regard to this charge is the following exchange between the prosecutor and arresting officer: "Q. What charges did you place? A. I charged him with no proof of insurance . . . Q. Was he able to show you insurance? A. No sir."

Failure to keep proof of insurance with a vehicle is a different

offense from knowingly operating a vehicle without effective insurance thereon, the former, now OCGA § 33-34-12 (a) (1) and previously OCGA § 33-34-10 (f), and the latter now OCGA § 33-34-12 (b). *Griffith v. State*, 172 Ga. App. 255, 259 (3) (322 SE2d 921) (1984). Thus, there was inadequate proof of the offense charged. *Williams v. State*, 181 Ga. App. 49, 50 (2) (351 SE2d 207) (1986). Defendant's conviction of count 4 is reversed.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 4, 1987.

*Charles H. S. Lyons III*, for appellant.

*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.