## 75295. LEWIS v. THE STATE.

(367 SE2d 123)

BEASLEY, Judge.

Defendant appeals his conviction of cocaine possession with intent to distribute. OCGA § 16-13-30.

By motion for new trial and motion for directed verdict of acquittal, defendant challenged the sufficiency of the evidence, and this is the subject of enumerations of error one and twenty-seven.

Acting upon information gathered from various sources, including two confidential informants, a Glynn County police detective conceived a plan to trap defendant at a time when he was expected to be in possession of cocaine, probably in a black pouch, delivering it from his house to a certain lounge. The plan was put into operation on a Friday night, February 7, 1986. One officer, assigned to watch defendant's house, radioed a description of the car defendant was driving and that he left shortly after 7:00 p.m. An officer stationed along the anticipated route notified the others that defendant was proceeding along that route. A third officer, as assigned, waited until defendant passed and then, after giving warning of defendant's imminent approach, followed behind. Two officers were on foot and others were in two vehicles which were to be used to block defendant's path when he arrived at the place the stop was planned.

When the vehicles blocked the road as defendant approached, he did not stop. Instead, he swerved off the road onto a small dirt side road, remained a few seconds during which the police observed him moving inside the car, then backed up across the road, struck a mailbox, and got stuck in a ditch. The foot officers ran up to defendant's car and took him into custody. The car was pushed out of the ditch and back across onto the dirt road to get it off the traveled road. Defendant and his car were searched but no contraband was found. A black pouch was discovered on the ground just on the edge of the dirt road where defendant had stopped his car a few minutes earlier. The pouch was located about two feet from the passenger-side tire tracks which defendant's tires had left when he spun them backing up. This side had been blocked from police view when defendant momentarily stopped the car there. The windows of defendant's small

car were rolled down, but no one saw defendant, who was a large man, toss or drop anything out in the dark. The ground was wet and muddy and the pouch was dry on top but wet on bottom. It was filled with over 50 small plastic packets containing what later analysis established to be cocaine.

1. (a) Defendant contends that this evidence is insufficient to prove beyond a reasonable doubt that he was in possession of the cocaine. There is no direct evidence of defendant's possession; the issue is simply whether the circumstantial evidence established possession beyond a reasonable doubt.

"To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. "The term hypothesis as used refers to such reasonable inferences as are ordinarily drawn by men in the light of their experience in everyday life." *D. O. D. v. State of Ga.*, 156 Ga. App. 301, 303 (274 SE2d 696) (1980). Whether the circumstances are sufficient to exclude every reasonable hypothesis save accused's guilt is generally a question for the jury's determination. *Bird v. State*, 178 Ga. App. 687, 688 (344 SE2d 468) (1986). However, the jury's finding may be disturbed when the verdict is unsupportable as a matter of law. *Shockley v. State*, 166 Ga. App. 182 (303 SE2d 519) (1983).

Our review of the evidence is governed by the principle that it must be taken in a light most favorable to the verdict. *Stinson v. State*, 185 Ga. App. 543 (364 SE2d 910) (1988). On appeal, our review of the evidence is in the context of ascertaining whether the evidence supports the verdict, applying the *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), standard of proof. *Lewis v. State*, 186 Ga. App. 92 (366 SE2d 305) (1988); *Towns v. State*, 185 Ga. App. 545 (365 SE2d 137) (1988).

To warrant a finding of possession there must be "some connection between the defendant and the contraband other than spatial proximity. . . . [M]erely having been in the vicinity of contraband does not, without more, establish possession." *Mitchell v. State*, 150 Ga. App. 44, 46 (2) (256 SE2d 652) (1979).

The state's hypothesis was that defendant, upon encountering the police road block on his way from home to lounge to deliver cocaine, tried to distance himself from the police and the cocaine as fast and as far as he could. To accomplish this, he attempted to avoid the block by quickly turning into the dirt road, backing up, and fleeing in the opposite direction. To make sure that he was not in possession of the cocaine if his escape was not successful and he was stopped and to lead police away from the cocaine, he slipped it out of the car on the passenger side out of view of the police and furtively let it drop to the

ground. His departure was then frustrated by his getting stuck.

Taking into account every reasonable inference drawable by the jury in reaching the verdict, the jury could find that the evidence excludes every other reasonable hypothesis save the one described. The pouch could not have been there for a long time, as it was dry on top although it had been raining earlier and the dirt road was muddy. While the police were waiting at this location for about an hour before defendant's arrival, no car slowed down or stopped in the vicinity of the place where the pouch was subsequently found shortly after defendant's presence there. Nor did any person walk in that area. The closest anyone was to the location were two women fifty or sixty yards away. The pouch contained approximately 54 grams of cocaine. It was not hidden but rather was open to view at the edge of a public road.

The circumstances allow the rejection of every reasonable hypothesis that the pouch came to its location by the hands of anyone other than defendant when he, alone, was for a short time in a subcompact car with the window open, knowing he was facing a police block, and the pouch was found minutes later just two feet from where the car had been, in a location which was shielded from police view by the car when it was at that place.

(b) The twenty-eighth enumeration of error complains of the admission into evidence of the black pouch on the grounds that it was irrelevant and there was an insufficient basis to connect it to defendant.

We have effectively disposed of this issue in the first portion of this division.

2. Defendant contends in his second enumeration that it was error to overrule his motion to quash the indictment because of the unauthorized alteration and amendment of that document. He did not raise this issue by filing a motion prior to indictment as required by USCR 31.1 but rather chose to present it after the jury had been qualified. Thus, the trial court properly refused to consider it.

Moreover, a plea in abatement and not a motion to quash is the proper vehicle for attacking an indictment alleged to have been altered after the grand jury returned it. *Owens v. State*, 54 Ga. App. 417 (1) (3) (187 SE 890) (1936); *Gunn v. State*, 10 Ga. App. 819, 821 (2) (74 SE 312) (1912). In addition, absent a contrary evidentiary showing, the presumption is that changes or interlineations on an indictment were made before endorsement by the grand jury. *Allen v. State*, 123 Ga. 499 (1) (51 SE 506) (1905); *Cook v. State*, 119 Ga. 108, 110 (2) (46 SE 64) (1903).

3. (a) Enumerations of error three through six complain of the refusal to permit defense counsel to ask a series of questions regarding prospective jurors' attitudes. Two questions concerned whether a

would-be juror would properly apply the reasonable doubt standard. One involved whether a jury member would believe a law enforcement officer in preference to other witnesses or defendant, and the fourth sought to elicit whether anyone had previously served as a juror in a drug case.

It was not error to restrict the questioning in each instance. *Henderson v. State*, 251 Ga. 398, 400-401 (1) (306 SE2d 645) (1983); *High v. Zant*, 250 Ga. 693, 696 (4) (300 SE2d 654) (1983); *Stack v. State*, 234 Ga. 19, 26 (2) (214 SE2d 514) (1975); *Boyer v. State*, 178 Ga. App. 372, 374 (3) (a) (343 SE2d 146) (1986).

(b) The seventh enumeration contends that the trial court erred in refusing to exclude for cause a juror who stated she might have prejudice in a drug related case. However, the juror answered, in response to specific questions, that she could lay aside any feelings she might have and render a verdict based on the evidence and the charge of the court. The failure to strike her for cause was not error. *Ingram v. State*, 253 Ga. 622, 630 (2) (323 SE2d 801) (1984); *Coleman v. State*, 237 Ga. 84, 87 (1) (226 SE2d 911) (1976).

4. Defendant enumerates as error in numbers eleven through twenty-five the refusal to give fifteen requests to charge. The instructions requested were either substantially covered in the charge, *Shirley v. State*, 245 Ga. 616, 619 (3) (266 SE2d 218) (1980), or defendant has failed to establish the charges contained correct and applicable principles of law. *Estep v. State*, 181 Ga. App. 842, 844 (2) (353 SE2d 913) (1987).

5. The officer who planned the road block said, in explaining his pre-stop preparations: "I tried to figure out a way that we could stop him [defendant] without him getting rid of any of the cocaine, try to confirm that he was going there at night." Objection was interposed on the grounds that "it's argumentative and hearsay." Defendant contends in enumeration eight that what the officer said amounts to an opinion based upon hearsay, but since that was not the ground of trial objection, we do not address it. *Farmer v. State*, 180 Ga. App. 720, 722 (4) (a) (350 SE2d 583) (1986).

6. In his ninth enumeration defendant contends that a State's witness intentionally put his character into evidence by answering defendant's question "do you remember attending a hearing on March 25, 1986, concerning this case?" by in turn querying: "The revocation hearing?" Defense counsel did not immediately object but waited until after the State's redirect before moving for mistrial out of the jury's presence.

A motion for mistrial not made contemporaneously with the alleged misconduct renders the motion untimely. *Flynn v. State*, 255 Ga. 415, 419 (6) (a) (339 SE2d 259) (1986); *Anderson v. State*, 183 Ga. App. 669, 672 (3) (359 SE2d 688) (1987); *Keri v. State*, 179 Ga. App.

664, 669 (6) (347 SE2d 236) (1986). Secondly, the reply by the witness was not unresponsive to the question but sought clarification. "Induced error is impermissible." *Chance v. State*, 172 Ga. App. 299, 302 (3) (322 SE2d 741) (1984). Thirdly, the nature of the question and answer would not raise an inference that there was *another* case involving defendant. Nor did it identify defendant as the subject of the revocation hearing. Even references to a mug shot or having seen defendant in court before have been determined not to place defendant's character in evidence. *Knight v. State*, 243 Ga. 770, 775 (3) (257 SE2d 182) (1979); *Moss v. State*, 136 Ga. App. 241, 242 (2) (220 SE2d 761) (1975).

7. Error is assigned in the tenth enumeration to a portion of the charge regarding the jury's role in resolving conflicting testimony by witnesses. No error appears. Defendant argues that the court omitted a part of the law placing a duty on jurors to reconcile conflicts in the evidence so as not to impute perjury to anyone. However, the case cited by defendant contradicts that view and abjures the necessity of requiring the jury to accomplish that aim in favor of merely instructing them to try to do so. *Barton v. State*, 79 Ga. App. 380, 388 (53 SE2d 707) (1949). Accord *Stuckey v. State*, 213 Ga. 525, 527 (2) (100 SE2d 189) (1957). Defendant did not request a further charge on reconciling conflicting evidence. If the charge was in error, nevertheless it was harmless.

8. Enumeration twenty-six cites error in a jury instruction that the legality of defendant's stop was a question for the court and not for the jury. Defendant argues the legality of the stop should have been determined by the jury. But he failed to question the legality of the stop and the subsequent search and seizure by written motion to suppress or by objection or other motion. Under such circumstances, any objection was waived. *Turner v. State*, 178 Ga. App. 888 (1) (a) (345 SE2d 99) (1986); *Dennis v. State*, 166 Ga. App. 715, 717 (305 SE2d 443) (1983).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED MARCH 14, 1988.

*Alan B. Smith*, for appellant.

*Glenn Thomas, Jr.*, District Attorney, *John B. Johnson III*, Assistant District Attorney, for appellee.