### 76965. HALL v. THE STATE.
(375 SE2d 50)

BIRDSONG, Chief Judge.

Appellant Wayne Hall was convicted of one court of aggravated assault on a peace officer, OCGA § 16-5-21, and of one count of obstruction of a law enforcement officer, OCGA § 16-10-24. He appeals his conviction of aggravated assault on a police officer.

The State's evidence reflects that the appellant entered a certain store and began to harass the cashier who subsequently called the police. Responding to the call, Officer Archie entered the store and peacefully attempted to escort appellant off the premises. While Officer Archie was attempting to obtain information concerning the appellant's identification, the appellant started "acting up." The appellant pushed Officer Archie and touched the grip on the pistol on the officer's belt. The officer advised the appellant that the latter was under arrest for simple assault. The appellant resisted arrest and Officer Archie attempted to handcuff him. The appellant became "very violent." He scratched, kicked, gouged the eyes of Officer Archie, and

at some point, broke the officer's radio. The appellant detached the officer's side-handle baton from its belt, but Officer Archie knocked the baton away. The appellant repeatedly threatened to kill the officer, and was able to place his hands "on the grip" of Officer Archie's gun. At this point Officer Archie was in fear of immediately receiving a violent injury as he knew that "most police officers are shot with their own guns." The appellant attempted to pull the weapon out of its holster, but the strap on the holster prevented its removal. The appellant subsequently was subdued with the help of other officers. *Held*:

1. Appellant asserts that the trial court erred in failing to enter a directed verdict of acquittal as to the aggravated assault count. We disagree. Appellant contends that his actions in trying to remove Officer Archie's weapon from its holster did not constitute use of a "deadly weapon" under the circumstances. The act of grasping a holstered gun was "arguably capable of inflicting the types of injuries which generally can be produced by [such a weapon], including death or great bodily injury." Cf., *Hambrick v. State*, 174 Ga. App. 444, 445 (330 SE2d 383). Whether the appellant's use of the weapon by placing his hand on it and trying to pull it from its holster constituted use of a deadly weapon under the circumstances was properly for the jury's determination. *Davis v. State*, 184 Ga. App. 230 (1) (361 SE2d 229). Only when there is no evidence to support a verdict to the contrary is a directed verdict of acquittal authorized. *Bradley v. State*, 180 Ga. App. 386 (2) (349 SE2d 263). Under the operative facts of this case, there clearly was sufficient evidence from which a rational trier of fact could find appellant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. We find appellant's remaining enumeration of error also to be without merit.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 14, 1988 —
REHEARINGS DENIED OCTOBER 13, 1988.

*Adams, Hemingway, Wilson & Baxter, T. Clifton Woody II*, for appellant.

*Willis B. Sparks III, District Attorney, Graham A. Thorpe, Thomas J. Matthews, Assistant District Attorneys*, for appellee.