## A01A1256. THE STATE v. LOY.
(554 SE2d 800)

MILLER, Judge.

The State appeals from the trial court's grant of the defense motion to suppress evidence gathered by the police in connection with their arrest of Jeffry Loy for driving under the influence. After a review of the evidence we reverse this ruling.

On May 2, 2000, Loy was injured when his truck crashed into a telephone pole. The fire department and an ambulance arrived at the scene of the accident first, followed by a police officer shortly thereafter. When the police officer arrived at the scene, he observed Loy standing outside of the truck. The officer also saw the fire department removing a semiconscious woman from the passenger seat of the truck. Loy was bleeding from his face and mouth and appeared to have a sprained ankle. The officer also detected a strong odor of alcohol on Loy's breath. The ambulance driver told the officer that Loy had been driving the truck. In addition, a bystander specifically told the officer that he saw Loy driving the truck just prior to the accident. However, when the officer asked Loy how the accident occurred, Loy said that he did not remember what happened. Loy failed two field sobriety tests, and the officer arrested Loy for driving under the influence.

Loy moved to suppress any evidence gathered by the police in connection with his arrest, claiming that the police lacked probable cause to arrest him for the crime for which he was accused. The arresting officer was the only witness to testify for the State at the motion to suppress hearing about the events surrounding the accident. The trial court granted the motion, holding that "[t]he ambulance and fire department were not personal witnesses of the accident, nor was [the arresting officer]. Accordingly . . . the State did not prove by a preponderance of the evidence that [Loy] was driving the vehicle."

> While the trial court's findings as to disputed facts in a ruling on a motion to suppress will be reviewed to determine whether the ruling was clearly erroneous, where the evidence is uncontroverted and no question regarding the credibility of [the] witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review.[1]

In the instant case, the evidence is undisputed and no question regarding the credibility of witnesses is presented, so we conduct a de novo review of the trial court's application of the law to the undisputed facts. The State contends that even though there were no witnesses to the accident involving Loy, the trial court erred in concluding that the arresting officer lacked probable cause to arrest Loy for driving under the influence. We agree.

"A 'warrantless arrest' is constitutionally valid if, at the moment the arrest is made, the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the accused had committed an offense."[2] Furthermore, "[i]t is not necessary for a conviction of driving under the influence, much less for probable cause, that the driver actually be seen behind the wheel driving the car while under the influence. Such facts, as any others, may be shown by circumstantial evidence."[3]

In this case, the arresting officer saw Loy at the scene of the accident standing near a pickup truck, which Loy's insurance card showed belonged to Loy. Loy was observed suffering from injuries. The officer also observed the person in the passenger seat being pulled from the truck after the accident. The ambulance driver who arrived at the scene before the officer could have seen Loy either in the driver's seat or being removed from the driver's side of the truck, and a bystander specifically told the officer that he saw Loy driving the truck just before the accident. The officer was authorized to rely on this evidence gathered through his on-site investigation as a basis to form an opinion that probable cause existed to arrest Loy for the crime at issue.[4] In addition, Loy had the smell of alcohol on his breath, could not recall what happened, and failed two field sobriety

---

[1] (Citations and punctuation omitted.) *State v. Hall*, 229 Ga. App. 194, 195 (1) (493 SE2d 718) (1997).

[2] (Citations and punctuation omitted.) *Napier v. State*, 184 Ga. App. 770, 771 (1) (362 SE2d 501) (1987).

[3] (Citations omitted.) *Hall v. State*, 200 Ga. App. 585, 586 (1) (409 SE2d 221) (1991).

[4] See *McCloud v. State*, 210 Ga. App. 69, 70 (2) (435 SE2d 281) (1993); *Chappell v. State*, 170 Ga. App. 363-364 (2) (317 SE2d 340) (1984); *Bradford v. State*, 149 Ga. App. 839, 841 (256 SE2d 84) (1979).

tests. This court has held in similar circumstances that an officer has probable cause to arrest a suspect for driving under the influence even when no one actually sees the suspect driving the vehicle.[5] Accordingly, the trial court erred in granting Loy's motion to suppress.

*Judgment reversed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 20, 2001 —
RECONSIDERATION DENIED OCTOBER 5, 2001 — ▮▮▮▮▮▮▮▮

*Joseph J. Drolet, Solicitor-General, Katherine Diamandis, Assistant Solicitor-General,* for appellant.

*Head, Thomas, Webb & Willis, William C. Head,* for appellee.

---

[5] See *Hall*, supra, 200 Ga. App. at 586-587 (1) (officer had probable cause to arrest defendant for DUI after seeing extensively damaged car and finding owner of the car being treated for injuries and having alcohol on his breath); *Napier*, supra, 184 Ga. App. at 771-772 (1) (officer had probable cause to arrest bleeding defendant standing outside of car for DUI where defendant smelled of alcohol, blood was on driver's side of car, and unconscious person was in passenger seat).