### A94A1113. THE STATE v. JONES.
(448 SE2d 496)

Ruffin, Judge.

Richard Monroe Jones was charged with the offenses of DUI, OCGA § 40-6-391; and turning without a signal, OCGA § 40-6-123. The State appeals from the grant of Jones' motion to suppress evidence.

The evidence presented at the hearing on the motion to suppress reveals that in the early morning hours of May 29, 1993, Officer Parrott and another officer of the Cobb County Police Department were sitting in a parked patrol car with its blue lights activated on Bankhead Highway just inside Cobb County when they observed a vehicle driven by the appellee approach from Fulton County and, without giving a signal, execute a wide U-turn in the mouth of Riverview Road and head back toward Atlanta on Bankhead Highway. No other vehicles were on the road at the time. Officer Parrott testified that in his experience many people for various reasons attempt to turn back when they see police vehicles or blue lights. He explained that he stopped the appellee for failing to signal his turn. When he approached and asked to see the appellee's license and proof of insurance, the officer detected an odor of alcohol on the appellee's person. He asked that the appellee step out and to the rear of the vehicle, where he failed to pass several field sobriety tests. The appellee was cited for DUI and later was also charged with making an improper turn.

The trial court found the initial stop was not justified by an articulable suspicion of criminal conduct because the appellee violated no law by failing to signal his turn when there were no other drivers on the roadway. Accordingly, the court granted the appellee's motion to suppress evidence concerning the field sobriety tests.

The State contends that the initial stop was not rendered invalid because the appellee's failure to signal was later determined not to be illegal. We cannot agree.

"This court's responsibility in reviewing the trial court's decision on a motion to suppress is to ensure that there was a substantial basis for the decision. [Cit.] We construe the evidence most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility must be adopted unless they are clearly erroneous. [Cits.]" *Chastain v. State*, 196 Ga. App. 50, 51 (1) (395 SE2d 570) (1990). "Although an officer may conduct a brief investiga-

tive stop of a vehicle, such a stop must be justified by specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct. . . . This suspicion need not meet the standard of probable cause, but must be more than mere caprice or a hunch or an inclination." (Citations and punctuation omitted.) *Jorgensen v. State*, 207 Ga. App. 545, 546 (428 SE2d 440) (1993).

OCGA § 40-6-123 provides, in pertinent part: "(a) No person shall . . . turn a vehicle from a direct course or change lanes or move right or left upon a roadway unless and until such movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate and timely signal in the manner provided in this Code section. (b) A signal of intention to turn right or left or change lanes *when required* shall be given continuously for a time sufficient to alert the driver of a vehicle proceeding from the rear in the same direction or the driver of a vehicle approaching from the opposite direction." (Emphasis supplied.) Because no other drivers were on the road, the appellee was not required to signal his intention to turn. *Clark v. State*, 208 Ga. App. 896 (1) (432 SE2d 220) (1993). Compare *McConnell v. State*, 188 Ga. App. 653 (1) (374 SE2d 111) (1988). The officer's stop of the appellee was not justified in that the officer did not observe him commit any crime before the stop, and the officer did not testify to any facts that would indicate the appellee was about to violate the law in any manner. The officer's "hunch" that the appellee turned around to escape police detection of wrongdoing is an insufficient basis for an investigative stop. *Terry v. Ohio*, 392 U. S. 1, 27 (88 SC 1868, 20 LE2d 889) (1968). Accordingly, the trial court correctly granted the appellee's motion to suppress.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 8, 1994.

*Ben Smith, Solicitor, Aurieanne Sneed, Barry E. Morgan, Mark A. Basurto, Assistant Solicitors*, for appellant.

*Virgil L. Brown & Associates, Virgil L. Brown, Bentley C. Adams III, Eric D. Hearn*, for appellee.