A95A0507. EASTERLIN v. THE STATE.
(452 SE2d 801)

BLACKBURN, Judge.

Following a trial by jury, the appellant, Paul Cullen Easterlin, was found guilty of a violation of a probationary license, possession of

less than one ounce of marijuana, and possession of an open container of alcohol while operating a motor vehicle. On appeal, in his sole enumeration of error, Easterlin asserts that the trial court erred in denying his motion to suppress evidence obtained following an allegedly invalid stop.

At the motion to suppress hearing, Officer Charles Pines with the Ellaville Police Department testified that on October 16, 1993, at approximately 10:15 p.m., an unknown citizen informed him that he had observed a man driving a white Datsun 280 ZX weaving down the road. The informant did not know if the man was sleepy or intoxicated. The informant followed the vehicle to a local convenience store where the man parked the vehicle in front of a gas pump and entered the store. Once inside the store, the informant noticed that the man was unsteady on his feet, his breath smelled of alcohol, and he purchased beer. The officer was also informed that the individual was accompanied by a passenger and could be apprehended if the officer hurried to the location.

The officer radioed for assistance and proceeded to the convenience store which was approximately a quarter of a mile down the road. Upon arrival, he observed a man fitting the description provided by the citizen. He also noticed a white Datsun 280 ZX automobile parked in front of a gas pump. The officer followed the vehicle as the vehicle exited the store's parking lot and again radioed for assistance. Deputy Pless, of the Schley County Sheriff's Office, responded to the call for assistance and also proceeded to follow the vehicle. The deputy informed Officer Pines that he observed the vehicle make a wide right turn and straddle the centerline of the highway following the turn. As a result, Deputy Pless stopped the vehicle. When Easterlin exited the vehicle, his speech was slurred and he was unsteady on his feet. A strong odor of alcohol permeated his body and he appeared intoxicated. A pat-down search of his body revealed a plastic bag of marijuana, and an open container of beer was found in the vehicle. He was subsequently arrested.

"Although a tip provided by an informant of unknown reliability will not ordinarily create a reasonable suspicion of criminal activity, if the tip is detailed enough to provide some basis for predicting the future behavior of the suspect, reliability may be established if the details are corroborated by the observations of the police." (Citation omitted.) *Stanley v. State*, 213 Ga. App. 95, 96 (443 SE2d 633) (1994). In the case at bar, the unknown informant provided the officer with detailed information which was subsequently verified by the investigating officers. Officer Pines was given a description of Easterlin and his vehicle, and subsequently observed Easterlin and the suspect vehicle at the location provided by the informant. Easterlin and his vehicle fit the descriptions given by the informant, and Easterlin was

stopped only after he was observed by Deputy Pless driving his vehicle across the centerline of the highway. The information provided by the unknown informant, which was verified by the officer and the deputy's observation of Easterlin's traffic violation, provided sufficient articulable suspicion of criminal activity to justify the subsequent warrantless investigatory stop. See id.

The facts of the present case are different from the facts presented in *Vansant v. State,* 264 Ga. 319 (443 SE2d 474) (1994), upon which Easterlin relies. In *Vansant,* the officer did not observe any traffic violations committed by the defendant therein, and only stopped the defendant's vehicle because it was a white van as described by the informant. The officer in *Vansant* did not observe any damage to the vehicle which was reportedly involved in a hit-and-run incident and admitted that he would have stopped any white van.

Consequently, the trial court correctly concluded that the initial stop of the vehicle was lawful, warranting the denial of Easterlin's motion to suppress.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JANUARY 19, 1995.

*Ellis & Easterlin, Russ F. Barnes,* for appellant.

*John R. Parks, District Attorney, Richard Nettum, Assistant District Attorney,* for appellee.