## A96A0499. DOOLEY v. THE STATE.
### (470 SE2d 803)

RUFFIN, Judge.

Russell Hughes Dooley was arrested on August 26, 1994. He was charged with driving under the influence of alcohol and convicted by a jury. He appeals this conviction, alleging four errors. We disagree with Dooley's contentions, and affirm.

1. In his first enumeration of error, Dooley contends the trial court erred in denying his motion to suppress evidence on the ground that the police officer's stop of his car was pretextual. The officer stopped Dooley after observing him veer to his right and cut across the parking lot of a convenience store to avoid a stop sign.

Dooley notes that the traffic citation he received at the time of his arrest charged him only with driving under the influence of alcohol. However, even though the officer did not cite Dooley and the solicitor did not accuse Dooley of the offense of failure to stop for a stop sign, Dooley's driving could have constituted probable cause for the officer's stop. *Hines v. State*, 214 Ga. App. 476, 477-478 (448 SE2d 226) (1994). The citation does, in fact, specify that Dooley was stopped for a stop sign violation. "It is evident that the stop of a vehicle is authorized if an officer observes the commission of a traffic offense." *Hines v. State*, supra at 477. Notwithstanding the evidence of a convenience store at the location where Dooley veered from the roadway, the officer testified at the hearing that Dooley never came to a complete stop at the stop sign, the convenience store was closed at the time of this incident, and Dooley made no indication he intended to stop at the store. See OCGA § 40-6-20 (e).

"This court's responsibility in reviewing the trial court's decision on a motion to suppress is to ensure that there was a substantial basis for the decision. We construe the evidence most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility must be adopted unless they are clearly erroneous." (Citations and punctuation omitted.) *State v. Jones*, 214 Ga. App. 593 (448 SE2d 496) (1994). We are satisfied from our review of the transcript that the trial court considered all of the evidence and had a substantial basis for its decision.

2. In his second enumeration of error, Dooley contends the trial court erred by denying his motion to suppress evidence of the breath test that he took at the time of his arrest. Specifically, Dooley challenges the sufficiency of the implied consent warning read to him by the arresting officer in that the officer failed to inform Dooley of his

right to independent testing by a "qualified" person of his own choosing. It is undisputed that the officer informed Dooley of his right to have a second test by personnel of his own choosing, merely omitting the word "qualified."

In *Howard v. State*, 219 Ga. App. 228, 230 (2) (465 SE2d 281) (1995), the Court addressed this precise issue and concluded that OCGA § 40-5-67.1 (b), which mandates that specific language be read upon arrest, applies only to those cases in which the offense was committed on or after April 21, 1995. Since the offense in this case was committed on August 26, 1994, strict compliance with the warning was not required. The failure to inform Dooley that the independent test may be performed by a "qualified" person of his own choosing did not render the warning legally insufficient. See *Howard v. Cofer*, 150 Ga. App. 579, 580-581 (2) (258 SE2d 195) (1979). Accordingly, we find that the trial court did not err in denying Dooley's motion to suppress.

3. Dooley further contends that the trial court erred in its charge to the jury regarding the ways that the allegations could be proved. Dooley challenges the charge as being burden-shifting. However, the specific grounds Dooley raises on appeal were not raised at trial during the charge conference or after the charge was given to the jury. Since Dooley failed to preserve this ground for appeal, we need not address it. *Kuptz v. State*, 179 Ga. App. 150 (1) (345 SE2d 670) (1986).

Even if Dooley had properly preserved this ground for appeal, we further conclude that the trial court correctly instructed the jury regarding the driving under the influence charge. See *Jones v. State*, 75 Ga. App. 610, 615 (4) (44 SE2d 174) (1947). Moreover, the court explained the law on OCGA § 40-6-391 (a) (1) and (4) and emphasized that the burden of proof remained on the State to prove Dooley's guilt beyond a reasonable doubt regardless of the manner of violation under which the State chose to proceed. As the charges given were correct statements of the law, and we do not believe that the charge as a whole would mislead a jury of average intelligence, we find no error. *Brown v. State*, 197 Ga. App. 365 (2) (398 SE2d 424) (1990).

4. Dooley's final enumeration of error asserts that the trial court abused its discretion by limiting his cross-examination of the arresting officer on the allegedly superior testing capabilities of the Intoximeter 5000 over the Intoximeter 3000. While Dooley was permitted to cross-examine the arresting officer extensively, the trial court did not permit Dooley to question the arresting officer concerning the alleged superiority of the Intoximeter 5000 over the Intoximeter 3000. The record shows that Dooley was not precluded from directly attacking the Intoximeter 3000's accuracy and technical capabilities. The scientific accuracy and reliability of the Intoximeter 3000 has

been judicially recognized, and the legislature has by statute created procedural safeguards to minimize the possibility of erroneous test results. *Lattarulo v. State*, 261 Ga. 124 (3) (401 SE2d 516) (1991); OCGA § 40-6-392. Cross-examination regarding the Intoximeter 5000 would be irrelevant in a case where only the Intoximeter 3000 was utilized. "The right of cross-examination is not abridged where examination is limited by the trial judge to relevant matters by proper questioning. Controlling the scope or extent of cross-examination is a matter resting within the sound discretion of the trial court and, in the absence of an abuse of discretion in controlling the scope or extent thereof, an appellate court will not interfere." (Citations omitted.) *Stephens v. State*, 207 Ga. App. 645, 646 (1) (428 SE2d 661) (1993). In the present case, the trial court did not err in limiting this aspect of Dooley's cross-examination of the arresting officer.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED MAY 2, 1996.

*Bruce & Hentz, Kenneth D. Bruce*, for appellant.
*Stephen F. Lanier, District Attorney, Charles S. Cox, Assistant District Attorney*, for appellee.