A97A1756. BUFFINGTON v. THE STATE.
(492 SE2d 762)

BIRDSONG, Presiding Judge.

Thomas Buffington II appeals his conviction of possession of LSD, possession of methamphetamine, suspended license, driving without a license, and no insurance. Appellant's sole enumeration is that the trial court erred in denying appellant's motion to suppress, because the arresting deputy did not have an articulable suspicion to conduct a traffic stop of appellant's vehicle.

Shortly before 4:00 a.m., the Gilmer County Sheriff's Office received a call complaining about a vehicle causing a disturbance at Carter's Lake. A radio dispatch was transmitted to Deputy Sheriff Daves who was informed that the anonymous phone call had been received from someone at the Carter's Lake Marina reporting that an older model white pickup truck with a noisy exhaust was causing a disturbance and squealing tires in the marina parking lot. The dispatch call was also transmitted to Deputy McArthur who testified he was informed that the older model, white pickup had loud mufflers and was "running up and down the highway [in the marina area] making a lot of noise" and causing a disturbance. At the time of the call, Deputy Daves was about five or six miles from the marina parking lot; it took him seven to ten minutes to get there. Both deputies responded to the call arriving at the marina at approximately 4:00 a.m. Deputy Daves testified that traffic in this area was "almost zero." Deputy McArthur recalled no other vehicles being on the road. The deputies remained at the marina area for approximately five minutes. They then proceeded to the dam area; the dam was one mile from the marina. Two or three minutes later, Deputy Daves, who was traveling toward the dam on a one-lane Corps of Engineers' road, stopped so an approaching vehicle could pass. The approaching vehicle was about one-half mile from the marina when it passed. It was the only other vehicle being operated in that vicinity. The approaching vehicle was an older, white pickup truck; it appeared to be a pre-1980 model and its exhaust was so loud that it caused the floor panel of the patrol car to shake as it passed. Deputy Daves pursued and conducted a traffic stop of the white pickup truck. The main reason he stopped the truck was because it was a white, late-model pickup truck; however, he also stopped the vehicle because it had loud exhausts "[L]oud exhausts is one reason for a traffic stop"; however, he did not charge appellant for an exhaust violation. Deputy Daves

further testified that he probably would have stopped any older model, white truck he saw in the area, as it would match the description of the dispatch call. Appellant was determined to have been driving the truck which at the time of the stop was being operated on a public road crossing over Carter's Lake Dam. The results obtained from the forthcoming investigative detention resulted in appellant's arrest and subsequent conviction. The traffic stop occurred in a rural area. *Held*:

"Momentary detention and questioning are permissible if based upon specific and articulable facts, which, taken together with rational inferences from those facts, justify a reasonable scope of inquiry not based on mere inclination, caprice or harassment. An authorized officer may stop an automobile and conduct a limited investigative inquiry of its occupants, without probable cause, if he has reasonable grounds for such action — a founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing. A *Terry* stop must be justified by specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct." (Citations and punctuation omitted.) *Fritzius v. State*, 225 Ga. App. 642, 643-644 (484 SE2d 743). "[T]he existence of an articulable suspicion can be based on the collective knowledge of law enforcement officials"; a detaining officer is "entitled to rely on the information given him by a fellow officer in the formation of an articulable suspicion." *Fritzius*, supra at 646.

"It is a well-established appellate rule that on appeal the evidence must be viewed in the light most favorable to support the verdict. *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737). Thus, in determining whether the State met its burden of proof that the search and resulting seizure were legal, this Court must view the evidence of record in accordance with the dictates of *Grant*, supra. In determining the legality of a search, this Court can consider all evidence of record, including that found in pretrial, trial and post-trial proceedings." *Fritzius*, supra at 645.

Appellant cites various cases, including *Vansant v. State*, 264 Ga. 319 (443 SE2d 474), where the Supreme Court or this Court has found insufficient evidence, resulting from information supplied by an anonymous caller, to support a finding of articulable suspicion. These cases are distinguishable from the facts of this case and are not controlling.

Construing the evidence in the light most favorable to the verdict as we are required to do (*Grant*, supra), the record establishes that the detaining deputy had probable cause to believe that the pickup had committed a traffic violation in his presence by having a faulty exhaust. OCGA § 40-8-71 (a) pertinently provides that "[e]very motor vehicle shall at all times be equipped with an exhaust system,

in good working order and in constant operation. . . ." Violation of this provision constitutes a misdemeanor. OCGA § 40-8-221. The detaining officer testified that, although he primarily stopped the vehicle because it matched the vehicle description provided by the dispatcher, it was also a factor in his stopping of the vehicle that it had loud exhausts. It is immaterial whether the traffic stop was made mainly because the truck matched the radio dispatch description. In *Whren v. United States*, 517 U. S. ___ (116 SC 1769, 135 LE2d 89), the United States Supreme Court held that the temporary detention of a motorist upon probable cause to believe that he has violated the traffic laws does not violate the Fourth Amendment's prohibition against unreasonable seizures, even if a reasonable officer would not have stopped the vehicle absent some additional law enforcement objective. Compare *Brantley v. State*, 226 Ga. App. 872, 873 (1) (487 SE2d 412) and *State v. Holler*, 224 Ga. App. 66, 70 (2) (a) (479 SE2d 780) (physical precedent only). The *Whren* rule applies in Georgia. See, e.g., *Jackson v. State*, 267 Ga. 130, 131 (5) (a) (475 SE2d 637). Even if the stopping of appellant for the exhaust violation had been pretextual, the stop still would not have violated constitutional principles as appellant committed the exhaust violation in the officer's presence thereby providing the officer with probable cause for the traffic stop. *Whren*, supra. (Although *Whren*, supra, was decided after the date of the incident in this case, we apply the law as it exists at the time of our judgment in the disposition of appeals of this nature. *Cheeley v. Henderson*, 261 Ga. 498 (1) (405 SE2d 865).)

Additionally, even without applying the principles of *Whren*, supra, the result remains the same. " 'Although a tip provided by an informant of unknown reliability will not ordinarily create a reasonable suspicion of criminal activity, if the tip is detailed enough to provide some basis for predicting the future behavior of the suspect, reliability may be established if the details are corroborated by the observations of the police.' " *Easterlin v. State*, 216 Ga. App. 112, 113 (452 SE2d 801). While the description of the color and type of vehicle was per se too general, the officers were also informed that the vehicle had a very loud exhaust system and was causing a disturbance by its noise when running up and down the highway. This description provided a basis for predicting future conduct of the suspect driver. The detaining officer personally observed that appellant's vehicle had a very noisy exhaust system and that the vehicle, which matched the general description provided by the dispatcher, was being driven less than a mile from the marina area. This factual observation, confirming the reported predictable behavior, formed an adequate basis to confirm the anonymous tipster's reliability. Further, the time of the morning, the rural nature of the area, and the lack of any other traffic whatsoever in the vicinity were additional factors properly

considered by the detaining officer in the formulation of a reasonable articulable suspicion. Nor does it matter that appellant was not charged with the exhaust violation. The fact that the officer did not charge defendant with the observed traffic offense but only with the more serious offenses revealed after the traffic stop is immaterial. *State v. Adams*, 186 Ga. App. 87, 88 (366 SE2d 326); *State v. Wright*, 221 Ga. App. 202, 205 (3) (470 SE2d 916) (physical precedent only). It was in the detaining officer's discretion which offenses, if any, he would cite appellant for violating. Id.

The trial court did not err in denying the motion to suppress. *Whren*, supra; compare *Easterlin*, supra; *State v. Butler*, 224 Ga. App. 397 (480 SE2d 387).

*Judgment affirmed. Eldridge, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 14, 1997.

*Steven A. Cook*, for appellant.
*Roger G. Queen, District Attorney, William B. Britt, Assistant District Attorney*, for appellee.