## A97A2442. ROBERSON v. THE STATE.
(495 SE2d 643)

RUFFIN, Judge.

After a non-jury trial, a Whitfield County Superior Court judge found James E. Roberson guilty of driving under the influence. Roberson appealed, asserting as error the denial of his motion to suppress evidence obtained from his allegedly improper traffic stop. For the following reasons, we affirm.

" 'This court's responsibility in reviewing the trial court's decision on a motion to suppress is to ensure that there was a substantial basis for the decision. We construe the evidence most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility must be adopted unless they are clearly erroneous.' [Cit.]" *Dooley v. State*, 221 Ga. App. 245 (1) (470 SE2d 803) (1996).

The evidence reveals that between 11:30 p.m. and midnight on January 27, 1997, Deputy Sheriff Gary Stephens of the Whitfield County Sheriff's Office was parked on Mountain Road in Whitfield County. Below Deputy Stephens, at the intersection of Mountain Road and Tibbs Road, another deputy had made a traffic stop and had his patrol car's blue lights engaged. In between Deputy Stephens' location and the other deputy's traffic stop was the intersection of Mountain Road and a roadway that led to a bar called the Hill Top Lounge. The road up to the bar was steep. According to Deputy Stephens, the grade of the road made it difficult for motorists exiting from the bar's parking lot and motorists traveling up the steep road to see each other.

On the night in question, Deputy Stephens had been sitting at his location on Mountain Road for about two to five minutes when he saw Roberson travel down the steep road from the bar. When Roberson reached Mountain Road, he stopped and backed up the steep incline "on the side the traffic would have been [coming down]." In the few minutes that Deputy Stephens had been parked, he had seen ten to fifteen cars leave the bar traveling down the hill that Roberson had traveled up in reverse. Deputy Stephens was also aware that the bar closed at midnight and that additional cars would soon be leaving the bar parking lot via the steep roadway. Because of Roberson's backing up the steep incline that numerous cars had traversed and would be traversing, and given the limited visibility on that road, Deputy Stephens was concerned that Roberson's actions created a safety risk and thus decided to investigate the matter. Upon reaching the bar's parking lot, Deputy Stephens saw that Roberson had parked and was exiting his vehicle. When Deputy Stephens questioned Roberson about why he had backed up the hill, Roberson said he had seen the other deputy's blue lights and that he backed up

because his license was suspended. Deputy Stephens smelled a strong odor of alcohol on Roberson's breath and subsequently arrested Roberson for DUI after he failed field sobriety tests.

Roberson argues that Deputy Stephens did not have proper legal grounds to make the stop because the deputy did not see him engage in criminal conduct. We disagree.

"An initial investigative stop requires that the arresting officer have only reasonable, articulable suspicion of criminal conduct, not probable cause. [Cit.] An officer may conduct a brief investigatory stop of a vehicle if that stop is justified by specific articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct. [Cit.] This specific, articulable suspicion must be based on the totality of the circumstances, including objective observations, known information about the individual, patterns of certain kinds of lawbreakers, and inferences drawn and deductions made by trained law enforcement personnel. [Cit.]" *Herrington v. State of Ga.*, 221 Ga. App. 354 (1) (471 SE2d 289) (1996). Furthermore, a "stop of a vehicle is authorized if an officer observes the commission of a traffic offense. [Cit.]" *Hines v. State*, 214 Ga. App. 476, 477 (448 SE2d 226) (1994).

In the instant case, Deputy Stephens witnessed Roberson commit a traffic offense. OCGA § 40-6-240 (a) provides that "[a] driver shall not back a vehicle unless such movement can be made with safety and without interfering with other traffic." Roberson backed up a steep hill that had limited visibility on the same side of the road that was being heavily traveled by patrons exiting the Hill Top Lounge. The fact Roberson successfully backed up the roadway without colliding with other cars did not mean that this maneuver was made with safety as OCGA § 40-6-240 (a) requires. Roberson ran a risk of causing an accident, given that it was difficult for him to see cars exiting the bar's parking lot and that it was difficult for other patrons to see him backing up the steep incline. Because Deputy Stephens observed Roberson commit a traffic offense, he was authorized to stop him.

The cases on which Roberson relies to support his argument that his traffic stop was unreasonable because his backing did not impede traffic are inapposite. See *Bowers v. State*, 221 Ga. App. 886 (473 SE2d 201) (1996) (physical precedent only); *State v. Jones*, 214 Ga. App. 593 (448 SE2d 496) (1994); *Raulerson v. State*, 223 Ga. App. 556 (479 SE2d 386) (1996). In *Bowers*, the defendant was stopped for changing lanes without using a turn signal. In concluding that there was no traffic violation of OCGA § 40-6-123, we noted that the arresting officer admitted there were no vehicles on the road, and thus there was no need to use the signal to alert other drivers. *Bowers*, supra at 887-888. Next, in *Jones*, the defendant was stopped for making a U-turn. Again, there were no other vehicles on the road, and

thus, under OCGA § 40-6-123, the defendant did not need to signal his intention to turn. *Jones*, supra at 593-594. Accordingly, the trial court in *Jones* properly granted the defendant's motion to suppress. Id. Finally, in *Raulerson*, the defendant was stopped for driving slowly in a 55 mph speed zone. We concluded that there was no traffic violation of OCGA § 40-6-184 (a) (1) because, by the arresting officer's own admission, there were no other vehicles on the road for defendant to impede by her low speed. *Raulerson*, supra at 557-558.

In the instant case, however, Deputy Stephens testified that there were fifty to seventy-five cars in the parking lot and that he had seen ten to fifteen cars on the steep roadway leaving the parking lot within minutes of Roberson backing up the roadway. There was a reasonable likelihood, given the fact the bar was near closing, that other cars would be descending from the parking lot and that Roberson's backing would endanger those motorists and interfere with traffic. Even if Roberson's actions did not amount to a per se traffic violation, under the totality of the circumstances — the heavy traffic on the roadway, the lack of visibility on the steep incline and the time of night when patrons would be leaving the closing bar — Stephens had a reasonable, articulable suspicion that Roberson was committing a traffic offense. *Herrington*, supra.

Accordingly, in light of the evidence, we conclude that the traffic stop was not improper and thus the trial court did not err in denying Roberson's motion to suppress. *Dooley*, supra; *Herrington*, supra.

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED JANUARY 14, 1998.

*McCamy, Phillips, Tuggle & Fordham, Stephen A. Williams*, for appellant.

*Kermit N. McManus, District Attorney, Mark P. Higgins, Jr., Assistant District Attorney*, for appellee.