## A98A1289. HOWARD v. THE STATE.
### (505 SE2d 270)

RUFFIN, Judge.

A jury found Michael Howard guilty of theft by receiving stolen property, theft by taking, driving under the influence and driving without a license. On appeal, Howard's sole enumeration of error is that the trial court erred in denying his motion to suppress. For reasons which follow, we affirm.

" 'This court's responsibility in reviewing the trial court's decision on a motion to suppress is to ensure that there was a substantial basis for the decision. We construe the evidence most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility must be adopted unless they are clearly erroneous.' [Cit.]" *Dooley v. State*, 221 Ga. App. 245 (1) (470 SE2d 803) (1996).

During the motion to suppress hearing, a Clayton County police officer testified that he was parked on the side of the road monitoring an intersection on a rainy evening. Around 11:20 p.m., the officer observed Howard slam on the brakes of his car when the traffic light changed "from green to caution to red." Howard's car passed the stop line and skidded sideways, 20 feet into the intersection. Howard then backed up his car so that it was behind the stop line for his lane of travel at the intersection. When the light turned green and Howard pulled out of the intersection, the police officer stopped him. No other material evidence was presented during the hearing. The charges for which Howard was convicted arose out of this traffic stop.

After hearing this evidence, the trial court ruled that "the Officer had good articulable suspicion that [Howard] was recklessly driving an automobile where he failed to stop at the stop sign and skidded sideways partway through a red light and the stop was based upon good grounds and the motion to suppress is denied."

On appeal, Howard contends he did not commit a traffic violation before being stopped by the police officer. Therefore, according to Howard, the stop was unjustified and his motion to suppress should have been granted. We disagree.

"An officer may conduct a brief investigatory stop of a vehicle if that stop is justified by specific articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct. [Cit.]" *Herrington v. State of Ga.*, 221 Ga. App. 354 (1) (471 SE2d 289) (1996). We find that the officer was authorized to stop Howard because he observed him commit a traffic offense. See OCGA § 40-6-20; *Fouts v. Builders Transport*, 222 Ga. App. 568, 572 (2) (474 SE2d 746) (1996) (OCGA § 40-6-20 "mandates an absolute duty [for a driver] to stop a vehicle for a traffic control device"); see also *Roberson v. State*, 230 Ga. App. 179, 181 (495 SE2d 643) (1998). "The fact that the officer did not

charge the defendant with the observed traffic offense but only with the more serious offenses revealed after the traffic stop is immaterial." *Buffington v. State*, 228 Ga. App. 810, 813 (492 SE2d 762) (1997). Moreover, "[e]ven if [Howard's] actions did not amount to a per se traffic violation, under the totality of the circumstances, [the officer] had a reasonable articulable suspicion that [Howard] was committing a traffic offense. [Cit.]" *Roberson*, supra.

Accordingly, we conclude that the stop of Harvey was not improper and the trial court did not err in denying Harvey's motion to suppress on this ground. *Buffington*, supra.

*Judgment affirmed. Pope, P. J., and Beasley, J., concur.*

DECIDED AUGUST 13, 1998.

*Billy J. Dixon*, for appellant.

*Robert E. Keller, District Attorney, Erman J. Tanjuatco, Assistant District Attorney*, for appellee.

