508 S.E.2d 239 (1998)
235 Ga. App. 1
In the Interest of B.C.G., a child.
No. A98A1304.
Court of Appeals of Georgia.
October 27, 1998.
*240 Chandler & Britt, Walter M. Britt, Buford, Deborah F. Weiss, Atlanta, for appellant.
Daniel J. Porter, District Attorney, Dawn H. Taylor, Assistant District Attorney, for appellee.
RUFFIN, Judge.
A juvenile court found B.C.G. delinquent for the offenses of driving under the influence of marijuana and possession of less than one ounce of marijuana. On appeal, B.C.G. asserts the trial court erred in (1) denying his motion to suppress all evidence resulting from the traffic stop and (2) denying his motion for a directed verdict because of a fatal variance between the State's allegations and its proof at trial. Because the trial court erred in denying his motion to suppress, we reverse.
On April 26, 1997, at approximately 5:00 p.m., Officer David Alan Borgen of the Gwinnett County Police Department observed a black pickup truck, with two males apparently under the age of 16 in the bed of the truck, traveling northbound on Old Peachtree Road near Collins Hill Road. Officer Borgen stopped the vehicle, confirmed that the two individuals in the back of the pickup truck were 15 and 16 years old, and asked the driver, B.C.G., for his driver's license and insurance. Officer Borgen testified B.C.G. "had his hat pulled down low and would not look at me. During the stop when I was asking him about the individuals in the back of the pickup truck, I smelled what I believed to be marijuana coming from the cab of the pickup truck." He asked B.C.G. to look at him and noticed that "his eyes were very pinpointed." At that point, Officer Borgen asked B.C.G. to step out of the vehicle.
Officer Borgen testified that B.C.G. answered "yes" when asked if he had been smoking marijuana that day and whether he had any marijuana on him at the time. B.C.G. responded to the latter question by reaching into his left front pocket and pulling out a zip-locked bag containing suspected marijuana. After B.C.G. handed him the suspected marijuana, Officer Borgen arrested him for possession of marijuana and suspicion of DUI.
Officer Borgen stopped the vehicle because he believed B.C.G. violated OCGA § 40-8-79, which prohibits a driver from allowing a person under the age of 18 to ride as a passenger in the uncovered bed of a pickup truck on an interstate highway. OCGA § 40-8-79. However, he did not issue B.C.G. a citation for this offense. After the stop, he also observed that B.C.G.'s vehicle had a drive-out tag, but the tag was found to be proper. Upon cross-examination, Officer Borgen stated he saw no evidence of any unsafe driving.
At the contemporaneous motion to suppress hearing and trial on December 17, 1997, the State and B.C.G. stipulated the chain of custody for the testing and test results of the marijuana, blood, and urine samples. The parties stipulated that subsequent to the traffic stop, Officer Borgen seized a small zip-locked bag of marijuana from B.C.G. During the stop, B.C.G., pursuant to the Implied Consent Law, gave a blood and urine sample to Officer Borgen. The parties further stipulated that Gwinnett County Police Department's Marijuana Lab Analysis identified the substance in the zip-locked bag as 0.80 grams of marijuana, that the blood specimen tested negative for marijuana, and that the urine specimen contained a metabolite of marijuana.
*241 1. We first address B.C.G.'s contention that the trial court erred in denying his motion for a directed verdict because there was a fatal variance between the State's allegations and its proof at trial. "On appeal the evidence must be viewed in a light most favorable to support the findings and judgment." In the Interest of A.D.C., 228 Ga. App. 829, 830, 493 S.E.2d 38 (1997). See also Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
"The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense." (Citations and punctuation omitted.) Dobbs v. State, 235 Ga. 800, 801-802(3), 221 S.E.2d 576 (1976).
B.C.G. argues that the State's charges were misleading and confusing for three reasons. First, he contends that under the citation issued by Officer Borgen, the State alleges he violated OCGA § 40-6-391(a)(2), which prohibits driving under the influence of any drug to the extent it is less safe for the person to drive, when in fact no evidence of unsafe driving was presented at trial. Second, he asserts that the State's petition, inconsistent with the officer's citation, charged him with violating OCGA § 40-6-391(a)(5), which prohibits driving with 0.10 grams or more of alcohol, instead of OCGA § 40-6-391(a)(6), which prohibits driving a moving vehicle while there is any amount of marijuana in the accused's urine. Finally, he contends the State erroneously charged him with driving with any amount of marijuana in his urine, when the State was only able to prove he had a metabolite of marijuana in his urine. These arguments are without merit.
B.C.G.'s claim that the inconsistencies between the citation and petition prohibited him from preparing a proper defense must fail because he had no reason to believe that the State would proceed under the citation. The State's petition, rather than the traffic citation, was the vehicle through which B.C.G. was charged. Pursuant to OCGA § 15-11-49(g), this case, involving a serious traffic offense, was handled as a delinquency offense; thus, the State was required to file a summons and petition upon B.C.G. OCGA § 15-11-49(g). See also In the Interest of B.G.W., III, 218 Ga.App. 384(2), 461 S.E.2d 568 (1995). Moreover, the traffic citations were not attached to the petition.
Likewise, B.C.G.'s argument that the petition improperly charged him with violating OCGA § 40-6-391(a)(5) instead of subsection (a)(6) must fail. Under Georgia law "the description of the offense charged prevails over any Code section cited." (Citation omitted.) Mullinax v. State, 231 Ga. App. 534(1), 499 S.E.2d 903 (1998). See also Smith v. State, 178 Ga.App. 300(1), 342 S.E.2d 769 (1986); State v. Black, 149 Ga. App. 389, 390, 254 S.E.2d 506 (1979). Count 1 of the State's petition charges B.C.G. with "unlawfully driv[ing] a moving vehicle while there was any amount of marijuana in the accused's urine," which clearly tracks the language of OCGA § 40-6-391(a)(6).
Lastly, because the State properly charged B.C.G. under OCGA § 40-6-391(a)(6), despite its reference to subsection (a)(5), it is of no consequence that the petition did not specifically set forth that B.C.G. unlawfully drove a moving vehicle with a "metabolite" of marijuana. Even assuming, arguendo, that a "metabolite of marijuana" is different from "marijuana" itself, as B.C.G. suggests, he was placed on notice that he was being charged under OCGA § 40-6-391(a)(6), which clearly provides that if "there is any amount of marijuana ... present in the person's... urine, ... including the metabolites," he "shall not drive or be in actual physical control of any moving vehicle." (Emphasis supplied.) OCGA § 40-6-391(a). "Variance between the allegata and probata is not fatal unless it misinforms the defendant as to the charges against him or leaves him open to subsequent prosecutions for the same offense." (Citations and punctuation omitted.) Dobbs v. State, 204 Ga.App. 83, 84(2), 418 S.E.2d 443 (1992). See, e.g., Duggan v. State, 225 Ga.App. 291, 297(8), 483 S.E.2d 373 (1997) (an indictment which *242 tracked the language of felony homicide by vehicle sufficiently informed the defendant of the charges against him even though the indictment cited the statute for misdemeanor homicide by vehicle).
Accordingly, we find that there was no fatal variance between the State's petition and its proof at trial.
2. B.C.G. also asserts the trial court erred in denying his motion to suppress, contending the officer lacked an articulable suspicion to stop his vehicle. We agree.
As is the case here, "where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review." Vansant v. State 264 Ga. 319, 320(1), 443 S.E.2d 474 (1994). See also State v. Armstrong, 223 Ga.App. 350, 477 S.E.2d 635 (1996).
"When a police officer makes a stop and restrains an individual's freedom to depart, that person is seized. The Fourth Amendment requires that the seizure be reasonable to assure the individual is not subject to the discretion of the official in the field." (Citations and punctuation omitted.) Armstrong, supra at 351(1), 477 S.E.2d 635. "A brief investigative stop of a vehicle by a law enforcement officer is considered reasonable if it is justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." (Citations and punctuation omitted.) Id. The stop is illegal "if based only on an unparticularized suspicion or hunch," and "[t]here must be a specific, articulable suspicion which is determined by looking at the totality of the circumstances." (Citations and punctuation omitted.) Id. See also Vansant, supra at 320(2), 443 S.E.2d 474.
We have previously held "[i]f the officer acting in good faith believes that an unlawful act has been committed, his actions are not rendered improper by a later legal determination that the defendant's actions were not a crime according to a technical legal definition or distinction determined to exist in the penal statute" because "[i]t is not the officer's function to determine on the spot such matters as, e.g., jurisdiction or the legal niceties in definition of a certain crime, for these are matters for the court." (Citations omitted.) State v. Webb, 193 Ga.App. 2, 3(1), 386 S.E.2d 891 (1989). See also Armstrong, supra; Allenbrand v. State, 217 Ga. App. 609, 610(1), 458 S.E.2d 382 (1995). Nevertheless, where a statute upon which an officer bases his stop is later determined to have not been violated, the stop still must be "justified by specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct." (Citations omitted.) State v. Jones, 214 Ga.App. 593, 594, 448 S.E.2d 496 (1994). See also State v. Goodman, 220 Ga.App. 169, 469 S.E.2d 327 (1996); Clark v. State, 208 Ga.App. 896, 432 S.E.2d 220 (1993) (physical precedent only).
B.C.G. argues he did not violate OCGA § 40-8-79, which prohibits a driver from allowing a person under the age of 18 to ride as a passenger in the uncovered bed of a pickup truck on an interstate highway, because he was not driving on such a highway. OCGA § 40-8-79. Officer Borgen testified that he did not see B.C.G. driving in an unsafe manner, nor did he observe any equipment violations of the pickup truck prior to the stop. Rather, the sole reason he stopped B.C.G. was because he had minors riding as passengers in the back of his truck. Since Georgia law allows minors to ride in such a manner, so long as it is not on an interstate highway, there was no basis for Officer Borgen to believe that B.C.G. was in violation of any traffic law prior to the stop. OCGA § 40-8-79. Because there were no other circumstances to warrant the stop, we find that Officer Borgen's stop of B.C.G.'s vehicle was not justified by any articulable facts sufficient to give rise to a reasonable suspicion of criminal activity. See Jones, supra; Goodman, supra; Clark, supra.
Although the State urges us to view Officer Borgen's mistake as a mere technical violation of the statute at issue, we cannot do so. The State points to cases where, despite the fact that there was no actual violation of the statute which predicated the stop, we found that the trial court was correct in denying the defendant's motion to suppress.
*243 However, these cases are distinguishable. For instance, in Armstrong, supra, the defendant was found not to have technically violated the "laying drag" statute because he did not specifically "cause the vehicle to move in a zigzag or circular course or to gyrate or spin around." Id. at 350, 477 S.E.2d 635 (citing OCGA § 40-6-251). Nonetheless, the officer had a reasonable, articulable suspicion to stop the defendant because "[t]he totality of circumstances ... consisted of [the defendant] driving his truck in a crowded parking lot on Christmas Eve in such a manner as to endanger others' safety." Id. at 351, 477 S.E.2d 635. See also Webb, supra at 3-4(1), 386 S.E.2d 891 (defendant's u-turn was not technically a traffic violation, but there was evidence he made the turn in a furtive manner to evade a roadblock); Allenbrand, supra at 610(1), 458 S.E.2d 382 (defendant's acquittal for failure to maintain lane charge did not invalidate the stop where the officer observed him weaving in his lane and crossing the line).
Instead, we find this case more analogous to Jones, supra. There, the defendant was stopped for failing to signal a u-turn and subsequently was cited for DUI and making an improper turn. Id. at 593, 448 S.E.2d 496. Because the statute requires the use of a turn signal only if necessary and there were no other drivers on the road at the time, it was later determined that the defendant did not violate the statute. Id. at 594, 448 S.E.2d 496. Consequently, "[t]he officer's stop ... was not justified in that the officer ... did not testify to any facts that would indicate the appellee was about to violate the law in any manner." Id. See also Goodman, supra; Clark; supra.
Because the stop constituted an unreasonable search, we find that the trial court erred in denying B.C.G.'s motion to suppress any evidence the State gained as a result.
Judgment reversed.
BEASLEY, J., concurs.
POPE, P.J., concurs specially.
POPE, Presiding Judge, concurring specially.
I concur specially in Division 2. While ultimately the trial court's denial of the motion to suppress was incorrect and I agree that reversal is necessary, my rationale for arriving at this conclusion differs from that of the majority.
Officer Borgen testified that he stopped the vehicle because he thought B.C.G. had violated OCGA § 40-8-79, which prohibits a driver from allowing a person under the age of 18 to ride as a passenger in the uncovered bed of a pickup truck on an interstate highway. Borgen testified that he thought the two people in the back of the pickup truck were under the age of sixteen and stopped the vehicle. Borgen testified that his understanding of the law "is that anybody under the age of 16 cannot ride in any type of pickup truck whether it's covered or uncovered on the roads or highways of the state." He stated that he obtained this information from a recently amended "cheat sheet" which had circulated around his office.
"A brief investigative stop of a vehicle by a law enforcement officer is considered reasonable it if is justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." State v. Armstrong, 223 Ga.App. 350, 477 S.E.2d 635 (1996). This Court has made clear that "[w]hether a citation is issued is of no consequence in determining the officer's probable cause to stop the vehicle." (Citation and punctuation omitted.) Allenbrand v. State, 217 Ga.App. 609, 610(1), 458 S.E.2d 382 (1995). In State v. Armstrong, this Court emphasized that it was the totality of the circumstances which established whether specific, articulable suspicion existed. The court stated: "we have rejected the notion that the police officer must know with certainty that each element of a particular crime could be established." (Citations and punctuation omitted.) Id. at 351-352, 477 S.E.2d 635. Thus, the fact that B.C.G. was not cited with a violation of OCGA § 40-8-79 is not determinative.
Nevertheless, the totality of the circumstances established that Officer Borgen did not have a reasonable, articulable suspicion *244 when he stopped the truck. He testified that his sole reason for stopping the truck was his impression that OCGA § 40-8-79 was being violated. Nevertheless, Borgen's understanding of OCGA § 40-8-79 was flawed in two ways which were potentially detrimental to B.C.G.: 1) he thought that the statute applied to all roads and highways; and 2) he thought the statute pertained to both covered and uncovered pickup trucks. Because of Borgen's mistake of law, his articulable suspicion was unreasonable and the stop was invalid.