## A99A2216. ROBERTS v. THE STATE.
### (527 SE2d 617)

MILLER, Judge.

After his motion to suppress was denied, Donald William Roberts stipulated to the evidence at a bench trial and was convicted of driving under the influence of alcohol, carrying a concealed weapon, driving with an open container, and improper stopping on a roadway. On appeal, Roberts' sole assertion of error contends the motion to suppress should have been granted because the traffic stop leading to his arrest was not supported by any reasonable suspicion of criminal activity and so was pretextual.

Upon review of the denial of a motion to suppress, the appellate court construes the evidence in the light most favorable to the trial court's judgment, and its findings of fact based upon conflicting evidence must be accepted unless clearly erroneous.[1] Because the conflicting evidence adduced at the suppression hearing authorized the conclusion that Roberts committed the traffic offense of improper parking in the presence of the arresting officer, the forcible stop of defendant's vehicle was not pretextual.

Although Roberts testified he only stopped for less than a minute to discharge a passenger and drove off before he realized a patrol car had pulled up behind him, Officer Greg Moore, then of the Jonesboro Police Department, testified that defendant was completely stopped in the roadway of a two-lane street for a period of "approximately four minutes," at a place where no-parking signs were displayed. During that time, Officer Moore saw no one getting in or out of defendant's car. As Officer Moore pulled up behind defendant's vehicle, "[that] vehicle started to pull off[, so Officer Moore] activated [his] emergency lights to make a traffic stop."

A police officer is authorized to make a brief, but nevertheless

---

[1] *Tate v. State,* 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

forcible, investigatory detention of an individual where the intrusion can be justified by specific, articulable facts giving rise to a reasonable suspicion that the person stopped has been, is, or is about to be engaged in criminal activity. What is demanded of the police officer, as an agent of the State, is a founded suspicion, some necessary basis from which the court can determine that the detention was not arbitrary or harassing.[2] The stop of a vehicle is authorized, and not pretextual, if the officer observed a traffic offense.[3]

Here, the trial court was authorized to conclude that Officer Moore observed Roberts commit the offense of improper parking, in violation of OCGA §§ 40-6-200 (a) and 40-6-203 (a) (3) (B). The evidence does not demand a finding that Roberts' four-minute stop was "momentary" within the exception for discharging passengers. For this relatively minor traffic infraction committed in the presence of Officer Moore, the stop of Roberts' vehicle was authorized.[4] Even if Roberts' behavior did not conclusively amount to the apparent traffic violation, we nevertheless hold that, under the totality of the circumstances, there was a reasonable, articulable suspicion that Roberts was committing the offense of improper parking.[5] The trial court did not err in denying Roberts' motion to suppress.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED JANUARY 11, 2000 —
RECONSIDERATION DENIED JANUARY 31, 2000.

*Emmett J. Arnold IV*, for appellant.
*Keith C. Martin, Solicitor, Evelyn Proctor, Assistant Solicitor*, for appellee.

---

[2] *Morris v. State*, 239 Ga. App. 100, 101-102 (1) (b) (520 SE2d 485) (1999).

[3] *Vickers v. State*, 234 Ga. App. 563, 565 (1) (507 SE2d 810) (1998).

[4] *Taylor v. State*, 230 Ga. App. 749, 750 (1) (b) (498 SE2d 113) (1998); accord *Ridgeway v. State*, 205 Ga. App. 218, 219 (422 SE2d 4) (1992).

[5] *Howard v. State*, 233 Ga. App. 861, 862 (505 SE2d 270) (1998); *Roberson v. State*, 230 Ga. App. 179, 181 (495 SE2d 643) (1998).