## A00A2222. THE STATE v. MURPHY.
### (540 SE2d 231)

ANDREWS, Presiding Judge.

The State appeals from the trial court's order granting Brock Andrew Murphy's motion to suppress.[1] For the following reasons, we reverse.

In ruling on a motion to suppress, the trial court's findings as to disputed facts are reviewed to determine whether the ruling was clearly erroneous. *Vansant v. State,* 264 Ga. 319, 320 (443 SE2d 474) (1994). "[W]here the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review." Id.

In this case, the officer testified that on the evening in question he was patrolling an area in which there had been complaints of minors loitering. The officer saw and heard a Jeep coming out of a golf club parking lot at around 9:30 p.m., long after the club had closed. The Jeep's exhaust was loud and sounded defective, so the officer pulled the Jeep over. The officer went over to the driver's side window to talk to Murphy. As he was questioning Murphy, he could smell alcohol on his breath.

Murphy also testified at the hearing, and, when asked whether the exhaust on his Jeep made a lot of noise, he replied, "It makes a decent amount."

The trial court granted the motion to suppress, finding that although the loud engine noise may have authorized a brief stop, the failure of the officer to further investigate the loud muffler made the stop pretextual. This is an incorrect statement of law.

In determining whether to grant a motion to suppress, the court must first decide whether the officer had a reasonable, articulable suspicion of criminal wrongdoing so as to justify a brief detention.

---

[1] We note that Murphy filed a motion to dismiss claiming the State should have filed an application for an interlocutory appeal instead of directly appealing the order. This is incorrect. The State could properly file a direct appeal under OCGA § 5-7-1 (a) (4).

*Terry v. Ohio,* 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968), recognizes that although a police officer may not have probable cause to arrest someone, if there is a reasonable suspicion of criminal wrongdoing, based upon specific and articulable facts from which it can be determined that the action of the police officer is not arbitrary or harassing, the police officer may make a brief, investigatory detention of the individual. . . .

(Citations omitted.) *Brooks v. State,* 206 Ga. App. 485, 488 (2) (425 SE2d 911) (1992).

Here, the trial court was correct in holding that the loud exhaust noise could authorize the brief stop. The record shows the officer had a reasonable suspicion that the Jeep's exhaust system was faulty. Therefore, Murphy was in violation of OCGA § 40-8-71 which provides that all vehicles must be equipped with an exhaust system that is in good working order and in constant operation. *Buffington v. State,* 228 Ga. App. 810, 811 (492 SE2d 762) (1997). But, even if the stop for the exhaust violation was pretextual, it still would not have violated constitutional principles because Murphy committed the violation in the officer's presence and this act justified the stop. *Whren v. United States,* 517 U. S. 806 (116 SC 1769, 135 LE2d 89) (1996); *Buffington,* supra at 812. "If the officer witnesses even a minor traffic violation, a suppression motion arguing that the stop was pretextual must fail." *State v. Harris,* 236 Ga. App. 525, 527 (513 SE2d 1) (1999). Accord *Roberts v. State,* 242 Ga. App. 120, 121 (527 SE2d 617) (2000); *Harris v. State,* 239 Ga. App. 537, 540 (521 SE2d 462) (1999); *Howard v. State,* 233 Ga. App. 861 (505 SE2d 270) (1998).

Although we note that Murphy was charged with having a defective exhaust system, it is immaterial whether the observed traffic offense is charged after the more serious offense is discovered. *Howard,* supra at 861-862; *Buffington,* supra at 813. The officer was not required to investigate Murphy's exhaust system after he stopped the Jeep, and the trial court erred in so holding.

*Judgment reversed. Ruffin and Ellington, JJ., concur.*

DECIDED OCTOBER 3, 2000.

*Steven L. Harris, Solicitor, Lura Landis, Assistant Solicitor,* for appellant.

*Ballard & Ballard, Scott L. Ballard,* for appellee.