A00A2453. NELSON v. THE STATE.
(544 SE2d 189)

MILLER, Judge.

Deron Leroy Nelson was convicted of trafficking in marijuana. On appeal, he challenges the denial of his motion to suppress.

1. When reviewing the denial of a motion to suppress, the appellate court construes the evidence in the light most favorable to the trial court's judgment, and its findings of fact based upon conflicting evidence must be accepted unless clearly erroneous.[1]

The evidence showed that an officer noticed that the van Nelson was driving had a black plate that bordered and partially concealed his license tag. The officer stopped the van and asked Nelson for his registration. When Nelson opened the driver's side door to retrieve the registration from a gym bag, the officer smelled the odor of marijuana along with what appeared to be some masking agents and asked to search. Nelson consented, and inside the gym bag, the officer discovered several packages of what was later tested to be 101 pounds of marijuana.

Nelson argues that the stop was illegal. But "the stop of a vehicle is authorized, and not pretextual, if the officer observed a traffic offense."[2] The officer testified that he stopped Nelson for violating

---

[8] See OCGA § 24-3-1 (a), (b); *Strickland v. State*, 221 Ga. App. 120, 122 (3) (470 SE2d 508) (1996).

[1] *Roberts v. State*, 242 Ga. App. 120 (527 SE2d 617) (2000).

[2] (Citation omitted.) *Forsman v. State*, 239 Ga. App. 612, 613 (5) (521 SE2d 410) (1999); *Hines v. State*, 214 Ga. App. 476, 477 (448 SE2d 226) (1994).

OCGA § 40-2-41 which provides in pertinent part that

> [i]t shall be the duty of the operator of any vehicle to keep the license plate legible at all times. No license plate shall be covered with any material unless the material is colorless and transparent. No apparatus that obstructs or hinders the clear display and legibility of a license plate shall be attached to the rear of any motor vehicle required to be registered in the state. Any person who violates any provision of this Code section shall be guilty of a misdemeanor.

Nelson contends that OCGA § 40-2-41 does not apply to license tags that are not required to be registered in Georgia. But the statute clearly states that "no license plate shall be covered with any material unless the material is colorless and transparent." This prohibits the black nontransparent border around Nelson's tag which obscured the state name.

Both parties have cited *State v. Aguirre*,[3] which is factually distinguishable from the present case. In *Aguirre* this court affirmed the *grant* of a motion to suppress because the temporary Ohio license tag was covered only by a clear plastic cover which the evidence showed had no effect on the legibility of the tag.[4] Nelson would like us to interpret the statute to require the visibility of only the tag numbers and not the state name. But the statute does not specify that only certain portions of the tag must not be obscured. The overarching duty of the driver is to keep the license tag legible at all times. Therefore we must interpret this Code section to mean that no portion of the license tag may be covered with any material so as to render the license information illegible.[5] This includes the name of the state issuing the license. Although the officer testified that the tag appeared to be a Texas tag, officers should not be forced to guess at the origin of a vehicle tag.

Moreover, even if Nelson's tag did not amount to a clear violation of OCGA § 40-2-41, the officer nevertheless had a reasonable, articulable suspicion that a traffic violation had been committed.[6] Accordingly, the trial court properly denied Nelson's motion to suppress.

2. Nelson abandoned his second enumeration of error.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

---

[3] 229 Ga. App. 736 (494 SE2d 576) (1997) (whole court).

[4] Id. at 738.

[5] In interpreting statutes, the ordinary signification shall be applied to all words except words of art or words that are connected to a specific trade or subject matter. See OCGA § 1-3-1 (b).

[6] See *Roberson*, 230 Ga. App. 179, 181 (495 SE2d 643) (1998); accord *Roberts*, supra, 242 Ga. App. at 121.

DECIDED JANUARY 3, 2001.

*Patterson & Patterson, Jackie G. Patterson, Yasma Patterson,* for appellant.

*Peter J. Skandalakis, District Attorney, Julianne W. Holliday, Assistant District Attorney,* for appellee.